Pikeville Country Club, Inc. ("the Club"), and Harry Green, the defendants in an action pending in the Covington Circuit Court, petitioned for a writ of mandamus directing the circuit court to transfer the action to the Marion Circuit Court. We grant the petition and issue the writ.
 I.
The relevant facts are undisputed. The Club is an Alabama corporation located in Marion County. The Club has never done business in Covington County.
Harry Green, a resident of Marion County, is a licensed, practicing attorney. Green's law office is located in Marion *Page 1187 
County. He has never practiced law in Covington County.
Hugghins Sod Farms, Inc. ("Hugghins"), the plaintiff in this action, is a corporation whose principal place of business is in Covington County. Hugghins supplied sod to Southern Golf Development, Inc. ("Southern Golf"), the general contractor for renovations at the Club.
By a letter dated August 17, 1998, a Covington County attorney, acting on behalf of Hugghins, advised the Club that Southern Golf had not paid Hugghins for the sod used in the renovations at the Club and that, therefore, Hugghins was asserting a lien against any unpaid balance due Southern Golf by the Club.
The Club asked Green to respond to the letter from Hugghins's attorney. Green responded by a letter dated August 26, 1998, stating that no moneys were due Southern Golf and that final payment to Southern Golf had been made before Hugghins's attorney contacted the Club. Green drafted the letter in his office in Marion County, and it was mailed from Marion County to Covington County.
After learning of Green's letter, Hugghins decided that it should not proceed to perfect a lien upon the Club's property in Marion County. Hugghins then proceeded to attempt to collect from Southern Golf the balance due it. On September 28, 1999, a Southern Golf employee gave deposition testimony indicating to Hugghins that the Club made its final payment to Southern Golf after August 26, 1998, the date of Green's letter.
 II.
On September 26, 2001, Hugghins sued the Club and Green in the Covington Circuit Court. According to Hugghins, "the `thrust of the complaint' is in tort for misrepresentation and fraud." Response to petition, at 6. The complaint alleges that Green's letter contained misrepresentations; no other misrepresentations are alleged.
On October 24, 2001, the Club and Green filed motions to transfer the case to the Marion Circuit Court, contending that venue was not proper in the Covington Circuit Court. The Club's motion was supported by an affidavit of its president; Green's motion was later supported by his affidavit.
The motions to transfer were denied on February 13, 2002. The Club and Green jointly filed a "motion to reconsider" on March 13, 2002. The trial court denied that motion on March 15, 2002. On March 26, 2002, the Club and Green filed this petition for a writ of mandamus.
 III. "The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1999) (citing Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986)).
 "`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'
"Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)."
Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala. 2000).
In their petition, the Club and Green argue that venue in Covington County is improper and that, therefore, *Page 1188 
the trial court erred in denying their motions to transfer the case to Marion County, where, they say, venue is proper. They ask this Court to issue a writ of mandamus directing the trial court to transfer this case to Marion County. They are entitled to that relief.
 IV.
Hugghins claims in its complaint and in response to the petition that venue is proper in the Covington Circuit Court, because Green's letter, "which is alleged to be false, [which was] relied upon by [Hugghins], and [which is] actionable, was received via United States mail in Covington County, Alabama, and was acted upon by [Hugghins] in Covington County, Alabama." The parties agree that the Covington Circuit Court is an appropriate venue for this civil action against the Club, only if, under these facts, Covington County is "the county in which a substantial part of the events or omissions giving rise to the claim occurred." See §6-3-7(a)(1), Ala. Code 1975. Similarly, the parties agree that the Covington Circuit Court is an appropriate venue for this civil action against Green, only if, under these facts, Covington County is "the county in which the act or omission complained of may have been done or may have occurred." See § 6-3-2(a)(3), Ala. Code 1975. We hold that venue for this civil action is not proper in Covington County under either of those statutes.
In Ex parte SouthTrust Bank of Tuscaloosa County, N.A., 619 So.2d 1356
(Ala. 1993), fraud was alleged, and this Court, interpreting an earlier version of § 6-3-7, held that the plaintiff's alleged injuries occurred in Tuscaloosa County, where the defendant made telephone calls and sent mail to the plaintiff, not in Montgomery County, where the plaintiff received those communications. The Court explained:
 "Because SouthTrust Tuscaloosa is a domestic corporation, the venue statute to be applied here is that portion of Ala. Code 1975, § 6-3-7, relating to domestic corporations. It provides:
 "`[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence.'
 "Pritchett alleges fraud and bad faith, which are `personal injury' claims for the purpose of determining proper venue. Ex parte TranSouth Financial Corp., 608 So.2d 385 (Ala. 1992). See, also, Ex parte First Alabama Bank of Montgomery, N.A., 461 So.2d 1315
(Ala. 1984). We must first determine, therefore, whether the alleged `injury' to Pritchett occurred in Montgomery County.
". . . .
 "SouthTrust Tuscaloosa's alleged misrepresentations to Pritchett about the actual value of the BMW were made through telephone calls and through mail sent from Tuscaloosa; however, Pritchett points out that he received these communications in Montgomery, and he concludes that the `injuries' thus `occurred' in Montgomery County. In Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1922), a libel action, this Court established that the term `injury' for purposes of § 6-3-7 refers to the wrongful act or omission of the corporate defendant, not to the resulting damage to the plaintiff, and thus determined that venue for such an injury is proper where a wrongful act was *Page 1189 
committed, not where the damage resulted. . . .
 "Because SouthTrust Tuscaloosa made the alleged misrepresentations in Tuscaloosa County, Pritchett's alleged injuries did not `occur' in Montgomery County. . . ."
Ex parte SouthTrust Bank, 619 So.2d at 1357-58 (emphasis added). We find that analysis particularly persuasive as we interpret the current version of § 6-3-7(a)(1).
Section 6-3-7(a)(1) provides that a civil action against a corporation may be brought "[i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred." We construe "the events or omissions giving rise to the claim" to be a clear reference to the wrongful acts or omissions of the corporate defendant. Having so construed the statute, we see no reason to abandon the holding of Exparte SouthTrust Bank. Therefore, we conclude that venue in this case is improper in Covington County as to the Club, because the event giving rise to Hugghins's claims — the mailing of the letter containing the alleged misrepresentations — occurred in Marion County, where the letter was mailed, and not in Covington County, where Hugghins received the letter. See also Ex parte Wiginton, 743 So.2d 1071 (Ala. 1999).
Insofar as Green is concerned, it would be illogical and inconsistent to conclude that his "act or omission" occurred anywhere other than in Marion County, from where he mailed the letter made the basis of this action. Hugghins's alleged reliance on that letter in Covington County is not the "act or omission" of Green.
In opposition to the petition for the writ of mandamus, Hugghins cites only one Alabama case, Medical Service Administration v. Dickerson,362 So.2d 906 (Ala. 1978). The Club and Green argue that Medical ServicesAdministration is inconsistent with this Court's holding in Ex parteSouthTrust Bank and that it should be overruled. We agree, and we overrule Medical Services Administration to the extent that it is inconsistent with Ex parte SouthTrust Bank or this opinion.
 V.
We conclude that the Club and Green have a clear legal right to an order transferring this action to the Marion Circuit Court. Therefore, we grant their petition, and issue a writ of mandamus directing the Covington Circuit Court to enter an order transferring this action to the Marion Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Houston, Lyons, Brown, Johnstone, and Stuart, JJ., concur.
See, J., concurs in the result.
Moore, C.J., and Harwood, J., dissent.