These consolidated petitions for the writ of mandamus challenge the trial court's denial of the motions filed by the defendants in the underlying action to transfer the action from Choctaw County to Mobile County. We grant the petitions and issue the writ.
 I. Facts and Procedural History
This action arises out of an accident that occurred in Choctaw County involving an all-terrain vehicle ("ATV") and allegedly resulting in personal injuries to Brian R. Frennea II. The defendants — Yamaha Motor Company, Ltd., Yamaha Motor Corporation, U.S.A., and Suzuki Mobile, Inc., d/b/a Hall's Motorsports, Inc. — designed, manufactured, assembled, distributed, or sold the ATV. Brian's father, Brian R. Frennea ("Frennea"), filed an action in the Choctaw Circuit Court alleging negligence, wantonness, and breach of express and implied warranties by the defendants and asserting a claim under the Alabama Extended Manufacturer's Liability Doctrine. The defendants moved to transfer the action to Mobile County pursuant to Rule 82(d)(1), Ala. R. Civ. P., arguing that venue in Choctaw County was improper. In the alternative, the defendants argued that the convenience of the parties and witnesses or the interests of justice required transfer of the action to Mobile County pursuant to § 6-3-21.1, Ala. Code 1975.
Frennea and his son are residents of Mobile County. The ATV was purchased in Mobile County from Suzuki Mobile, Inc., which does business as Hall's Motorsports, Inc. ("Hall's"), and has its principal place of business in Mobile County. None of the defendants does business in Choctaw County.
On October 25, 2005, the trial court entered an order stating that Hall's motion for a change of venue "is due to be denied since this accident apparently occurred in Choctaw County, Alabama." On November 9, 2005, the trial court, using identical language, denied similar motions by Yamaha Motor Corporation, U.S.A., and Yamaha Motor Company, Ltd. The defendants petitioned this Court for a writ of mandamus, asking us to order the trial court to transfer the action to Mobile County.[1]
 II. Standard of Review "`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought, (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.'"
Ex parte Family Dollar Stores of Alabama, Inc.,906 So. 2d 892, 897 (Ala. 2005) (quoting Ex parte Brookwood Health Servs.,Inc., 781 So. 2d 954, 956 (Ala. 2000)).
Mandamus is the appropriate method for obtaining review of the denial of a motion for a change of venue in a civil action. Exparte ADT Sec. Servs., Inc., [Ms. 1041974, January 13, 2006] ___ So. 2d ___, ___ (Ala. 2006). Our review is limited to the facts before the trial court and to determining whether the trial court exceeded its discretion when it denied the motion for a change of venue. Id. The burden of proving improper venue is on the party raising the issue. Ex parte Harper, [Ms. 1041252, January 20, 2006] ___ So. 2d ___, ___ (Ala. 2006). III. Analysis
Section 6-3-7(a), Ala. Code 1975, provides guidelines for determining the proper venue for a civil action against a corporation:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
The defendants argue that Choctaw County does not fall within any of these four categories. Frennea does not argue the applicability of subdivisions (2), (3), or (4), but maintains that "a substantial part of the events or omissions giving rise to the claim" occurred in Choctaw County and that venue is therefore proper in Choctaw County under § 6-3-7(a)(1).
Frennea's argument focuses on the fact that his son's injuries occurred in Choctaw County. Under § 6-3-7, as it read before an amendment effective July 24, 1999, that fact would have been dispositive.[2] Now, however, the inquiry is not the location of the injury, but the location of the events oromissions giving rise to the claim. Applying our holding in Exparte Pikeville Country Club, 844 So. 2d 1186 (Ala. 2002), to the facts of this case, we conclude that the events or omissions giving rise to Frennea's claim did not occur in Choctaw County, as is necessary for venue to be proper there under § 6-3-7(a)(1).
Pikeville Country Club was a fraud action concerning an allegedly false representation included in a letter mailed from Marion County. The plaintiffs received and read the letter in Covington County, and any detrimental reliance occurred in Covington County. This Court held that the events or omissions giving rise to the claim occurred in Marion County:
 "Section 6-3-7(a)(1) provides that a civil action against a corporation may be brought `[i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred.' We construe `the events or omissions giving rise to the claim' to be a clear reference to the wrongful acts or omissions of the corporate defendant. . . . Therefore, we conclude that venue in this case is improper in Covington County as to the Club, because the event giving rise to Hugghins's claims — the mailing of the letter containing the alleged misrepresentations — occurred in Marion County, where the letter was mailed, and not in Covington County, where Hugghins received the letter."
844 So. 2d at 1189 (emphasis added).
Frennea's complaint alleges wrongful acts by the defendants in designing, manufacturing, assembling, distributing, and selling the ATV. It also alleges that the manufacturer and/or seller failed to warn Frennea of the dangers. These were the "wrongful acts or omissions of the corporate defendant[s]" — and it is undisputed that none of them occurred in Choctaw County. Section § 6-3-7(a)(1) therefore cannot be the basis for determining that venue in Choctaw County is proper.
Frennea also cites Ex parte Kia Motors America, Inc.,881 So. 2d 396 (Ala. 2003), in support of his argument that Choctaw County is a proper venue for his breach-of-warranty claims. The defendant in Kia Motors moved to dismiss on the basis of forumnon conveniens, pursuant to § 6-5-430, Ala. Code 1975, an action brought in the Houston Circuit Court. At issue was our interpretation of the statute-of-limitations provision of Alabama's Uniform Commercial Code, § 7-2-725(2), Ala. Code 1975. Under that statute, "a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs" (emphasis added). This Court construed that statute to mean that for purposes of a motion to dismiss on the ground of forum non conveniens, a breach-of-warranty claim arose where the injury occurred.
The question presented here, however, is not where the claim "has arisen," as is relevant under § 6-5-430, the forum nonconveniens statute. Instead, the question is where "the events or omissions giving rise to the claim occurred," as required to establish venue under § 6-3-7(a)(1). Pikeville Country Club
interpreted the specific statutory language at issue in this case; Kia Motors did not. We conclude that the specific holding of Pikeville Country Club controls, notwithstanding the interpretation of an unrelated statute in Kia Motors.
The defendants have also met their burden of showing that Mobile County is a proper venue for this action. Because Frennea is a resident of Mobile County and because Hall's does business there, Mobile County is a proper venue for an action against Hall's. § 6-3-7(a)(3) and (4), Ala. Code 1975. It is therefore proper as to all defendants, Rule 82(c), Ala. R. Civ. P., and the trial court should have granted the motions to transfer.
 IV. Conclusion
Because Frennea filed the action in an improper venue, and because the venue proposed by the defendants is a proper venue, we conclude that the defendants have demonstrated a clear legal right to the requested relief.[3] We grant the defendants' petitions and issue the writ of mandamus, directing the trial court to grant the defendants' motions to transfer the action to the Mobile Circuit Court.
PETITIONS GRANTED; WRIT ISSUED.
See, Harwood, Stuart, and Bolin, JJ., concur.
[1] Hall's filed its petition on December 3, 2005. The Yamaha defendants filed their petition on December 15, 2005. Each was filed within 42 days of the relevant order and therefore within the presumptively reasonable time for filing a petition for a writ of mandamus. See Rule 21(a)(3), Ala. R. App. P.
[2] Before the 1999 amendment, the relevant part of the statute stated that "all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred. . . ."
[3] We need not reach the question whether the defendants were also entitled to the transfer on the basis of forum nonconveniens. *Page 1011