Volvo Trucks North America, Inc. ("Volvo Trucks"); Capital Trailer Equipment Company, Inc., d/b/a Capital Volvo Truck Trailer ("Capital"); and Indiana Mills 
Manufacturing, Inc. ("Indiana Mills"), petition this Court for writs of mandamus directing the Montgomery Circuit Court to vacate its order denying their motions for a change of venue to the Butler Circuit Court pursuant to § 6-3-21.1(a), Ala. Code 1975, the forum non conveniens statute, and to transfer this action to Butler County. We deny the petitions.
 I Factual Background
These petitions arise out of a complaint filed in Montgomery Circuit Court by Christee Johnson, as administratrix of the estate of her father, Joe Freeman, Jr., deceased, against Volvo Trucks, Capital, and Indiana Mills. According to the complaint, Freeman was killed when the truck he was operating on a highway in Butler County for his employer, Evergreen Forest *Page 585 
Products ("Evergreen"), overturned in a collision with an oncoming vehicle. Freeman was thrown through the windshield of the truck, which was a 2004 Volvo truck manufactured by Volvo Trucks and sold to Evergreen by Capital at Capital's place of business in Montgomery.
The complaint alleged that the "driver restraint system" installed in the truck, which was manufactured by Indiana Mills, was defective in that it failed to restrain Freeman within the vehicle. It alleged negligence, wantonness, "uncrashworthiness," and violations of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").
The defendants moved to transfer the action from Montgomery County to Butler County on the ground of forum nonconveniens, contending that Butler County was an appropriate forum and the more convenient forum for the witnesses in this case. After the Montgomery Circuit Court denied their motions, the defendants filed these mandamus petitions.
 II. Discussion
"`[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion.'" Ex parteLeasecomm Corp., 886 So.2d 58, 62 (Ala. 2003) (quotingEx parte Palm Harbor Homes, Inc., 798 So.2d 656, 660
(Ala. 2001)). `"A petition for a writ of mandamus is a proper method for presenting a venue challenge based on the doctrine of forum non conveniens.'" Ex parte Brookwood Health Servs.,Inc., 781 So.2d 954, 956-57 (Ala. 2000) (quoting Exparte Integon Corp., 672 So.2d 497, 499 (Ala. 1995)).
Transfer of an action on the basis of forum nonconveniens is accomplished pursuant to § 6-3-21.1(a), which provides, in pertinent part:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action . . . to any court of general jurisdiction in which the action might have been properly filed
and the case shall proceed as though originally filed therein. . . ."
(Emphasis added.)
"`The burden of proving that venue is improper, or that venue should be transferred or changed because of the application of the doctrine of forum non conveniens is upon the party making such a claim.'" Ex parte Wiginton,743 So.2d 1071, 1075 (Ala. 1999) (quoting trial court's order). "The doctrine [of forum non conveniens] is applicable only when the action is commenced in a county in which venue is appropriate." Montgomery Elevator Co. v. Pinkney,628 So.2d 767, 768 (Ala.Civ.App. 1993). On the bases of Ala. Code 1975, § 6-3-7(a)(2) ("[a]ll civil actions against corporations may be brought in . . . the county of the corporation's principal office in this state"), and Ala. R. Civ. P. 82(c) ("Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought."), the petitioners concedethat Montgomery County is "an appropriate venue" within the meaning of § 6-3-21.1 for the commencement of this action.
Nevertheless, in order to satisfy their burden of proving that § 6-3-21.1 is applicable, the petitioners "must establish (1) that there is another county where venue isappropriate and (2) that transferring the case to that county is `in the interest of justice' or necessary `for the convenience of parties and witnesses.'" Ex parteSawyer, 892 So.2d 898, 903 (Ala. 2004) (emphasis added). Thus, as a threshold matter, the petitioners had the *Page 586 
burden of showing that Butler County is a county "in which the action might have been properly filed."
In that connection, Ala. Code 1975, § 6-3-7, provides, in pertinent part:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
(Emphasis added.)
 In the trial court, the petitioners argued: "Since the only named defendants in this lawsuit are corporations, . . . the Court must apply Alabama's venue statute pertaining to suits against corporations. According to Ala. Code § 6-3-7(a)(1), civil actions against corporations may be brought in `the county in which a substantial part of the events or omissions giving rise to the claim occurred. . . .' Thus, since the accident underlying this lawsuit occurred in Butler County, Plaintiff could have originally filed suit there. Butler County is therefore an appropriate transferee venue under Alabama's doctrine of forum non conveniens."
(Emphasis added.) In fact, the petitioners reliedexclusively on § 6-3-7(a)(1) as a basis for venue in Butler County.
However, Johnson argues that § 6-3-7(a)(1) cannot provide the basis for venue in this case, because, she states, "this is a product liability case brought against corporate defendants and the proper inquiry is the location of theevents or omissions attributed to the corporate defendants, not . . . the place of the [accident]." Johnson's brief, at 7 (emphasis added). Thus, she contends that it was the marketing and sale in Montgomery County of the truck with the allegedly defective seatbelt that constituted the relevant "events or omissions," not the accident in Butler County as a result of which Freeman was killed.
For that proposition, she cites Ex parte Suzuki Mobile,Inc., 940 So.2d 1007 (Ala. 2006). In Suzuki we clarified the operative language of § 6-3-7(a)(1) in the context of a personal-injury action based on product-liability theories. Suzuki, arose "out of an accident that occurred in Choctaw County involving an all-terrain vehicle (`ATV') and allegedly resulting in personal injuries to [Brian R. Frennea II]." 940 So.2d at 1008. "The ATV was purchased in Mobile County from Suzuki Mobile, Inc., which does business as Hall's Motorsports, Inc. ('Hall's'), and has its principal place of business in Mobile County." Id. Brian's father, Brian R. Frennea, filed a complaint in Choctaw County against Hall's and other corporate defendants, which allegedly had "designed, manufactured, assembled, distributed, or sold the ATV." The complaint asserted product-liability theories, including a claim under the AEMLD. Id.
The defendants moved to transfer the action to Mobile County, contending that § 6-3-7(a)(1) did not authorize the action in Choctaw County. According to Frennea, however, §6-3-7(a)(1) provided the *Page 587 only basis for an action in Choctaw County.940 So.2d at 1009. Thus, the dispositive question was whether thesitus of the accident was the proper focus of an analysis under § 6-3-7(a)(1) in an action alleging personal injuries caused by a defective product. We answered that question in the negative.
In so doing, we said: "`We construe "the events oromissions giving rise to the claim" to be a clear reference tothe wrongful acts or omissions of the corporate defendant:'"940 So.2d at 1010 (quoting Ex parte Pikeville CountryClub, 844 So.2d 1186, 1189 (Ala. 2002) (emphasis added inSuzuki)). We explained that, in an action for injuries caused by an allegedly defective product, the "wrongful acts or omissions of the corporate defendant" are acts such as "designing, manufacturing, assembling, distributing, and selling" the allegedly defective product, along with any alleged "fail[ure] to warn." 940 So.2d at 1010.
On the principle of Suzuki, it is clear that venue in Butler County cannot be based on § 6-3-7(a)(1). It is not disputed that the sale of the truck with the allegedly defective seatbelt occurred in Montgomery County. The petitioners' reliance on subsection (a)(1) was, therefore, misplaced.
In these mandamus proceedings, the petitioners argue — for the first time — that venue in Butler County, where Johnson lives, would be proper on the basis of §6-3-7(a)(3), asserting that Capital "does business by agent in the county of the plaintiff's residence." The petitioners filed in each proceeding a motion to accept an affidavit of Greg Maxwell, the vice president of Capital. The affidavit, which was not presented to the trial judge, purports to establish that Capital does business in Butler County. However, the arguments and affidavit simply come too late.
It is well settled that we "will not . . . issue a writ of mandamus commanding a trial judge to rescind an order, based upon a ground asserted in the petition for the writ of mandamus that was not asserted to the trial judge, regardless of the merits of a petitioner's position in the underlying controversy." State v. Reynolds, 887 So.2d 848, 851-52
(Ala. 2004); see also Ex parte Ebbers, 871 So.2d 776,787 (Ala. 2003); Ex parte Wiginton, 743 So.2d at 1073. Similarly, evidence not presented to the trial court will not be considered in a mandamus proceeding. Ex parte Hanna SteelCorp., 905 So.2d 805, 808 (Ala. 2004); Ex parte AAMCOTransmissions, Inc., 897 So.2d 285, 288 (Ala. 2004); Exparte Walter Indus., Inc., 879 So.2d 547, 549 (Ala. 2003);Ex parte Fontaine Trailer Co., 854 So.2d 71, 74
(Ala. 2003); Ex parte American Res. Ins. Co.,663 So.2d 932, 936 (Ala. 1995). Consequently, the petitioners' motions to accept the affidavit of Greg Maxwell are denied.
 III. Summary
In short, the petitioners presented neither argument nor facts to the trial court sufficient to establish Butler County as anappropriate forum for this action. Thus, they have failed to satisfy their threshold burden of proving that §6-3-21.1 is applicable. We therefore pretermit consideration of their arguments that Butler County is the moreconvenient forum. Because the petitioners have not shown that they are entitled to a writ of mandamus, their petitions are denied.
1051074 — PETITION DENIED.
1051077 — PETITION DENIED.
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur. *Page 588