MURDOCK, Justice
(concurring in the result).
I concur in the result on the ground that a transfer of this action to Montgomery County should have been ordered under the “convenience-of-parties-and-witnesses” provision of § 6-3-21.1(a), Ala.Code 1975. I write separately to express concerns relating to the interplay between the applicable venue statute, § 6-3-7, Ala.Code 1975, and the “interest-of-justice” provision of § 6-3-21.1(a).
Relatively recent decisions of this Court interpreting § 6-3-7(a)(l) appear to have forced defendants in some cases to resort *242 to the invocation of the interest-of-justice provision of § 6-3-21.1(a) in order to avoid seemingly improper venues. I submit that a correct reading of § 6-3-7 would avoid the necessity of resorting to the interest-of-justice provision of § 6-3-21.1(a).
Section 6-3-7(a), Ala.Code 1975, provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred) or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
(Emphasis added.) By its terms, § 6-3-7(a)(4) applies to make venue proper in a county in which the defendant corporation was “doing business by agent” only if subsection (1), (2), or (3) does not apply. I suggest that a plain reading of § 6-3-7(a)(1) in a case such as this would lead to the conclusion that the county in which the accident occurred and in which the plaintiff was injured is a proper venue for the action under that provision and therefore that § 6-3-7(a)(4) is not applicable.
In pertinent part, § 6-3-7(a)(l) simply states that venue is proper against a corporate defendant “[i]n the county in which a substantial part of the events ... giving rise to the claim occurred.” Put plainly, the “rollover” of Deborah Siniard’s vehicle was an “event[ ] ... giving rise to the claim” in this action. This “event” occurred in Montgomery County. In my view, therefore, venue was proper in Montgomery County, which, in turn, rendered venue improper in Barbour County.
Because of our decision in Ex parte Suzuki Mobile, Inc., 940 So.2d 1007 (Ala.2006), however, if Ford was to seek a change of venue, it had no alternative but to do so by seeking a transfer based on the doctrine of forum non conveniens, and in particular the interest-of-justice provision of § 6-3-21.1(a), rather than on the basis that venue in Barbour County was improper.[8] In Suzuki, the Court stated:
“ ‘Section 6-3-7(a)(l) provides that a civil action against a corporation may be brought “[i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred.” We construe “the events or omissions giving rise to the claim ” to be a clear reference to the wrongful acts or omissions of the corporate defendant.’ ”
*243 940 So.2d at 1010 (quoting Ex parte Pikeville Country Club, 844 So.2d 1186, 1189 (Ala.2002)) (some emphasis omitted). I submit that, by construing “the events or omissions giving rise to the claim” to mean “the acts or omissions of the corporate defendant,” we effectively changed the meaning of § 6-8-7(a)(l). Compare § 6-3-2(a)(3) (setting venue for certain purposes in the county in which “the act or omission” complained of may have been done or may have occurred).
In Ex parte First Family Financial Services, Inc., 718 So.2d 658, 661 (Ala.1998), Justice Maddox, writing for the Court, stated that a change of venue based on forum non conveniens is appropriate only “ ‘ “when trial in the chosen forum would ‘establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiffs convenience,’ or when the ‘chosen forum [is] inappropriate because of considerations affecting the court’s own administrative and legal problems.’ ” ’ ” (Quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), quoting in turn Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).) As Justice Maddox went on to explain, a transfer based on improper venue normally should occur only where the balance of “the private- and public-interest factors involved ... weight ] heavily against litigation in the forum the plaintiff selected.” 718 So.2d at 661.[9] I question whether in some cases we are now forcing through the “back door” of the “interest-of-justice” provision of § 6-3-21.1(a) a consideration — the location of the plaintiffs accident — that we incorrectly decided in Suzuki was not the location of an “event[ ] ... giving rise to the [plaintiffs] claim” and therefore could not enter into our deliberations through the “front door” of venue.
In this case, Ford does not seek a transfer based on improper venue, nor does it ask us to revisit our holding in Suzuki For purposes of this case, therefore, I must accept, as does the main opinion, the propriety of venue in Barbour County. I concur in the result because I believe that the defendant’s motion for a change of venue should have been granted under the convenience-of-parties-and-witnesses provision of § 6-3-21.1(a).

. The same impetus for the invocation of the interest-of-justice prong of § 6-3-21.1(a) existed in Ex parte Navistar, Inc., 17 So.3d 219 (Ala.2009), which, like this case, involved both a nonresident plaintiff and corporate defendants whose principal offices were not in Alabama, thereby making the applicability vel non of the venue provision in § 6 — 3—7(a)(1) dispositive of whether the venue provision in § 6-3-7(a)(4) would be triggered. Because under Ex parte Suzuki and its progeny § 6-3-7(a)(1) was not available, the defendant had no alternative but to invoke the doctrine of forum non conveniens, particularly its interest-of-justice prong, if it was to avoid a venue it considered inappropriate.

. The views expressed by Justice Maddox on behalf of the Court in First Family Financial Services are consistent with the notion that venue statutes such as § 6-3-7 reflect a legislative determination that the statutorily prescribed locations are generally and presumptively just and appropriate.