MAIN, Justice.
Ford Motor Company, Long-Lewis, Inc., Mazda Motor Corporation, and TRW Vehicle Safety Systems Inc., defendants in an action pending in the Bessemer Division of the Jefferson Circuit Court (hereinafter referred to collectively as “the automobile companies”), petition this Court for a writ of mandamus directing the trial court (1) to vacate its order denying their joint motion to transfer this case from the Bessemer Division of the Jefferson Circuit Court to the Tuscaloosa Circuit Court, and (2) to enter an order transferring the case to the Tuscaloosa Circuit Court pursuant to § 6-3-21.1(a), Ala.Code 1975, the forum non conveniens statute, because it is in the interest of justice to do so. We grant the petition in part, deny it in part, and issue the writ.

*599
I. Factual Background

On December 8, 2006, James Maddox and his wife, Lula, were killed when an oncoming vehicle crossed the middle line of Tuscaloosa County Highway 69 and struck their automobile, a 1993 Ford Escort. On December 8, 2008, Charles Maddox, as administrator of the estates of James Maddox and Lula Maddox (“the administrator”), filed a complaint in the Bessemer Division of the Jefferson Circuit Court, naming as defendants the automobile companies. The complaint alleged that the seat-belt system in the Ford Escort did not perform in the way an ordinary and reasonable consumer would expect it to perform and that it was unreasonably dangerous. The administrator alleged that the automobile companies were negligent and wanton “in the design, manufacture, testing, [provision of] warnings, distribution, and sale” of the Ford Escort, including its seat-belt system. The administrator also stated claims under the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”).
The administrator is a resident of Tuscaloosa County, as were James and Lula Maddox at the time of the collision. The investigating law-enforcement officers and emergency medical responders reside and work in Tuscaloosa County or neighboring counties. Ford Motor Company is a Delaware corporation with its principal place of business in Michigan. Mazda Motor Corporation is a Japanese corporation with its principal place of business in Japan.[1] TRW Vehicle Safety Systems Inc. is a Delaware corporation with its principal place of business in Michigan. Long-Lewis, Inc., is an Alabama corporation that does business as an automobile dealership in Bessemer in Jefferson County. Long-Lewis originally sold the Ford Escort on December 13, 1993. The Ford Escort was sold several times before the Maddoxes purchased it from Mitchell Motors, a used-vehicle dealership in Tuscaloosa, on February 21, 2004.
The automobile companies filed a joint motion to transfer the case to Tuscaloosa County pursuant to the forum non conve-niens statute. The automobile companies contended that the interest-of-justice prong of the doctrine of forum non conve-niens required the trial court to transfer the case to the Tuscaloosa Circuit Court because, they argued, Tuscaloosa County had a strong connection to the action and the only connection between the Bessemer Division of the Jefferson Circuit Court and the action was the initial sale of the Ford Escort in 1993 by Long-Lewis in Bessemer. The trial court held a hearing on the automobile companies’ motion, during which the attorneys for the automobile companies argued the applicability of the doctrine of forum non conveniens. In addition, the following discourse occurred regarding Act No. 213, Ala. Local Acts 1919 (“the Bessemer Act”):
“THE COURT: ... Based on the unique statutes of Bessemer and these venue statutes, I think that the action stays here ... because with this being a products case, if the vehicle was sold in the Bessemer Cut-Off Division, that’s where venue should lie regardless of whether there was a Bessemer transferee of the vehicle.
“The way [I read] the Supreme Court cases is that [the doctrine of forum non *600 conveniens ] doesn’t really apply. If the cause of action arises here, then Bessemer has the exclusive jurisdiction to handle the action- ■
[[Image here]]
"... I don’t think that you can get past ... the local Bessemer Act’s Exclusivity Provision. That’s what is fatal, I think, for you all.... It says that the courts shall have exclusive jurisdiction. How do you get around that? ...
“[COUNSEL FOR THE AUTOMOBILE COMPANIES]: ... [V]enue would be proper where the vehicle was originally sold. No question. Now, you are sitting here with the [forum non conveniens ] issues, both on the convenience of the witnesses and the interest of justice because ... when you start looking at the connections between the Bessemer Cut-Off and Tuscaloosa, there is no question the interest of justice—
“THE COURT: I agree. If there was a case where this principle applies, it would be this case. No question.
“[COUNSEL FOR THE AUTOMOBILE COMPANIES]: And this is a pretty good test case.
“THE COURT: Yeah, well, you have to get the Supreme Court to do it because I’m just going to follow the law the way that they lay it out, and I think it’s better ... for the Supreme Court to make an exception than for me.... I’m going to follow what I believe is the prevailing precedent.
[[Image here]]
“[COUNSEL FOR THE AUTOMOBILE COMPANIES]: You are right. The Bessemer Act that set this up is very unique.... However, ... there is no law that we have been able to find that says that [the doctrine of forum non conveniens ] doesn’t apply to the Bessemer Cut-Off. [T]he law is pretty clear that you can have proper venue, but then when you start looking at where [the doctrine of forum non conve-niens ] applies, then this is kind of the poster child if you will.
“THE COURT: I agree.
[[Image here]]
“[COUNSEL FOR THE AUTOMOBILE COMPANIES]: And I don’t think you are presented with anything unique in that aspect at all because the forum where all the connections are [is] Tuscaloosa.
“THE COURT: Except for the uniqueness of the Supreme Court decisions and with the exclusivity provisions of the Bessemer Cut-Off. If the cause of action arises here, in essence, and the action is brought some place else, then the case must be brought here, that the Bessemer Cut-Off has exclusive jurisdiction. They say jurisdiction, but it’s exclusive venue. That’s the way that I read it, and that’s the way the Supreme Court, in my opinion, has said it all the time, and that’s the reason why I think I would be in error for me to transfer the case to Tuscaloosa.
[[Image here]]
“[COUNSEL FOR THE AUTOMOBILE COMPANIES]: Judge, just so we are clear on briefing this, we obviously want to focus on the one issue. If I’m correct in understanding what you are saying is that in a case like this the question is whether in a case that would properly be transferred under [the doctrine of forum non conveniens ], does the Bessemer statute preclude that from happening ... it being an exclusive jurisdiction.
[[Image here]]
“THE COURT: I think the principle [of forum non conveniens ] would not apply.... If [a case] arose in the Bessemer Cut-Off, if somebody insists that *601 it be tried in the Bessemer Cut-Off, it must be tried here.”
The trial court entered an order denying the automobile companies’ joint motion to transfer. The order stated:
“[The automobile companies’] motion to transfer this cause to the Tuscaloosa Circuit Court is denied as the vehicle in question of this products liability case was placed in the stream of commerce within the territorial jurisdiction of the Bessemer Division of Jefferson County, Alabama, [the] location it was originally sold by defendant Long-Lewis, Inc.”
The trial court’s order did not address that aspect of the motion to transfer dealing with the “interest of justice” prong of the doctrine of forum non conveniens. The automobile companies then petitioned this Court for a writ of mandamus.

II. Standard of Review

“In Ex parte National Security Insurance Co., 727 So.2d 788, 789 (Ala.1998), this Court described the manner of obtaining review of the denial of a motion for a change of venue in a civil action and the scope of this Court’s review:
“ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 802 (Ala.1986). “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). “When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.” Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995). ”
Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 344 (Ala.2006).

III. Analysis

Section 2 of the Bessemer Act[2] states: “The said Circuit Court of the Tenth Judicial Circuit, holding at Bessemer, as in this Act provided, shall have, exercise and possess all of the jurisdiction and powers which are now or which may hereafter be conferred by law on the several Circuit Courts of this State, which said jurisdiction and powers shall be exclusive in, limited to, and extend over that portion of the County of Jefferson, which is included in the following precincts, to-wit: [physical description of the property included within the Bessemer Division] and from and oyer the above mentioned and described territory all jurisdiction and powers heretofore or now exercised or existing therein by the Circuit Court of the Tenth Judicial Circuit, as now held at Birmingham, is hereby expressly excluded.”
Despite the reference to “jurisdiction” in § 2 of the Bessemer Act, this Court has for many years interpreted that term as used in the Act to refer instead to venue. “ ‘[T]he Bessemer Court Act ... should be read as venue legislation rather *602 than jurisdiction legislation Ex parte Flexible Prods. Co., 961 So.2d 111, 114 (Ala.2006)(quoting Ex parte Jackson, 516 So.2d 768, 769 (Ala.1986)). As to the exclusivity referenced in § 2, this Court recently stated in Ex parte Haynes Downard Andra & Jones, LLP, 924 So.2d 687, 699 (Ala.2005), that “the venue accorded the Bessemer Division is ... exclusive by virtue of the substantive language of the Bessemer Act allowing that division to exercise its judicial power only for actions arising in its territorial boundary.”
The automobile companies maintain that the exclusivity provision of the Bessemer Act means that the Bessemer Division can exercise authority only in actions that arose there, “not that it is the only court in the entire State of Alabama that is permitted to preside over such cases.” Petition, at 2. They argue that the cases interpreting the Bessemer Act make it clear that the exclusivity provision in the Act means (1) that the Bessemer Division can hear only those cases that arise within its territorial boundaries and (2) that, as between the Bessemer Division and the Birmingham Division of the Jefferson Circuit Court, only the Bessemer Division can preside over a cause of action that arose within the Bessemer Division. The administrator argues that the Bessemer Act precludes a court in the Bessemer Division from entertaining a motion to transfer venue of a properly filed cause of action on the ground of forum non conveniens. The automobile companies, however, argue that the trial court’s interpretation and application of the Bessemer Act wrongfully limits the powers of all other circuit courts in Alabama. Although it is well settled that a case in which venue in the Bessemer Division is improper must be transferred to a proper venue, the question whether a case in which venue in the Bessemer Division is proper may be transferred to another venue that is also proper is a question of first impression for this Court.
In Haynes Downard, supra, this Court analyzed whether the legislature intended for Rule 82(c), Ala. R. Civ. P.,[3] or for § 6-3-7, Ala.Code 1975,[4] to override the Bessemer Act and its limitations on the judicial power of the Bessemer Division over claims arising in that division. In an action filed in the Bessemer Division, the plaintiffs in Haynes Downard joined claims against one defendant, which claims arose in the Birmingham Division, with claims against other defendants, which claims arose in the Bessemer Division. The plaintiffs argued that the pendent venue provided for in Rule 82(c) meant that because venue for the claims arising in the Bessemer Division was proper there, the Bessemer Division Court could consider their claims against all the defendants. *603 This Court held that Rule 82(c) applies only to venue issues between different counties, not to venue issues between judicial divisions in the same county. 924 So.2d at 692.
The plaintiffs in Haynes Downard next argued that § 6-8-7 required treating the Bessemer Division as a separate county for purposes of the general venue laws. Relying on § 6-3-7(d), the plaintiffs argued that if the Bessemer Division were treated as a separate county, then the Bessemer Division Court could consider claims in which venue was improper if those claims were joined with claims as to which venue was proper. This Court disagreed, holding that venue as to the claims that did not arise in the Bessemer Division was improper in the Bessemer Division and that those claims could not be considered in the Bessemer Division. 924 So.2d at 699. The Court stated:
“[W]e conclude that § 6-3-7(d) was not intended by the legislature to change the ‘exclusive jurisdiction’ status of the Bessemer Division, inasmuch as the pre-1999 decisions of this Court had clearly established the principle that the Bessemer Division ... ‘ “could exercise [the same power exercised in the Jefferson County judicial circuit] only for actions arising in its territorial boundary.” ’ ... [D]espite the fact that the exercise of judicial power in the Bessemer Division should be deemed a matter of venue as opposed to subject-matter jurisdiction, the venue accorded the Bessemer Division is nonetheless exclusive by virtue of the substantive language of the Bessemer Act allowing that division to exercise its judicial power only for actions arising in its territorial boundary.”
924 So.2d at 698-99 (quoting Glenn v. Wilson, 455 So.2d 2, 3 (Ala.1984), quoting in turn United Supply Co. v. Hinton Constr. & Dev., Inc., 396 So.2d 1047 (Ala.1981)). “It is an ingrained principle of statutory construction that ‘[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute.’ ” Carson v. City of Prichard, 709 So.2d 1199, 1206 (Ala.1998) (quoting Ex parte Louisville & N.R.R., 398 So.2d 291, 296 (Ala.1981)). See also Ex parte Flexible Prods. Co., 961 So.2d at 116-17 (quoting Haynes Downard, 924 So.2d at 698, for the holding that the legislature likewise did not intend for § 6-3-7(c) “ ‘to change the “exclusive jurisdiction” status of the Bessemer Division’ ”).
In both Haynes Downard and Flexible Products, a party sought to expand the power of the Bessemer Division to hear not only claims arising in the Bessemer Division, but also claims arising outside the Bessemer Division if their claims were joined with ones arising in the Bessemer Division. Here, the automobile companies seek to transfer from the Bessemer Division, pursuant to the doctrine of forum non conveniens, a claim that arose there, just as they would seek to invoke the doctrine of forum non conveniens to transfer a claim from one county to another county. We conclude that neither the Bessemer Act nor this Court’s decisions applying the Bessemer Act support a holding that the doctrine of forum non conve-niens has no force and effect to actions arising in the Bessemer Division.
The Bessemer Act was meant to provide the courts within the Bessemer Division with the same power and authority as are provided to the county circuit courts, but to limit the power and authority of the Bessemer Division court to only those causes of action that arise in the Bessemer Division. If we were to hold that every claim that arose in the Bessemer Division must be heard there and only there, we would be diminishing the power *604 and authority of Alabama’s other courts to hear cases that should be transferred pursuant to this Court’s rules and to caselaw. It is well settled law that the Bessemer Act does not diminish the general jurisdiction of other circuit courts, either in the Birmingham Division of Jefferson County or in other counties. See, e.g., Glenn v. Wilson, 455 So.2d at 4. Because the trial court improperly held that the Bessemer Act prohibited the trial court from transferring a case out of the Bessemer Division pursuant to the doctrine of forum non conveniens, we now turn to the question whether it would have been proper to transfer this ease.
“ ‘In 1987, the Legislature enacted § 6-3-21.1(a), Ala.Code 1975, and adopted the doctrine of forum non conveniens. Section 6-3-21.1(a) states in pertinent part:
“ ‘ “With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
“ ‘(Emphasis added.) A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. See generally Ex parte [First] Family Fin. Services, Inc., 718 So.2d 658 (Ala.1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala.1996) (Maddox, J., dissenting)).’ ”
ADT Security, 933 So.2d at 344-45.
We conclude that the primary purpose of the Bessemer Act is to determine in which division venue in Jefferson County is proper. In Ex parte Children’s Hospital of Alabama, 931 So.2d 1 (Ala.2005), this Court discussed the procedure for determining whether venue is proper in the Bessemer Division:
“[T]he court first asks whether venue is proper in Jefferson County under the applicable venue laws. Ex parte Alabama Mobile Homes, 468 So.2d 156 (Ala.1985). If it is, the court then determines in which division venue is proper: ‘the Bessemer Division can hear only cases that have “arisen” within the territorial boundaries of that division.’ [Ex parte ] Walter Indus.[, Inc.], 879 So.2d [547] at 551 [ (Ala.2003) ]. If the cause of action did not arise within the territorial boundaries of the Bessemer Cutoff, then venue is in the Birmingham Division.”
931 So.2d at 7 n. 6. The automobile companies acknowledge that venue is proper in the Bessemer Division but contend that “the totality of the circumstances” requires a transfer of the case to Tuscaloosa County under the interest-of-justice prong of the forum non conveniens statute. The trial court stated to the parties during the hearing on the motion to transfer that in its opinion, but for the Bessemer Act, this case should be transferred to Tuscaloosa County. The automobile companies argue that the trial court’s order improperly overlooks the interest-of-justice prong and wrongly curtails the power of the Tuscaloosa Circuit Court to hear this case. The administrator argues that the automobile companies have not met their burden of proving the propriety of transferring this ease because, he says, neither prong of the forum non conveniens statute applies in this case.
To meet their burden of proving that § 6-3-21.1 is applicable here, the automobile companies “must establish (1) that *605 there is another county where venue is appropriate and (2) that transferring the case to that county is ‘in the interest of justice’ or necessary ‘for the convenience of parties and witnesses.’ ” Ex parte Sawyer, 892 So.2d 898, 903 (Ala.2004). The parties agree that the underlying action was commenced in a county in which venue is appropriate — Jefferson County — because the Ford Escort was placed into the stream of commerce in Bessemer.
Section 6-3-7(a), Ala.Code 1975, governs venue of a civil action brought against a foreign or domestic corporation.
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred ...; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
The automobile companies contend that venue would be proper in Tuscaloosa County pursuant to subsections (1) and (3). The administrator argues that § 6-3-7 has no application to the Bessemer Division, but he concedes that if it were applicable, venue would be proper in Tuscaloosa County pursuant to subsection (3) because he resides there and Ford does business by agent there. Because we have concluded that § 6-3-7 applies to the Bessemer Division for purposes of a forum non con-veniens analysis, the only question that remains is whether transferring this case to Tuscaloosa County would be “in the interest of justice.” That question has not yet been addressed by the trial court, and we therefore deny the petition insofar as it asks us to direct the trial court to enter an order transferring this case to the Tuscaloosa Circuit Court. It is for the trial court to determine whether it would be proper to transfer the case in light of the above-cited authority and our holding regarding the impact of the Bessemer Act on the applicability of the doctrine of forum non conveniens in the Bessemer Division.

IV. Conclusion

We deny the petition in part and grant it in part, and we direct the trial court to vacate its order denying the automobile companies’ motion to transfer this case from the Jefferson Circuit Court, Bessemer Division, to the Tuscaloosa Circuit Court, and to reconsider the automobile companies’ motion to transfer this case in light of the doctrine of forum non conve-niens, specifically, to determine whether transferring this case to Tuscaloosa County would be “in the interest of justice.”
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
COBB, C.J., and WOODALL, STUART, PARKER, and SHAW, JJ., concur.
BOLIN, MURDOCK, and WISE, JJ., dissent.

. The automobile companies state in their brief that Mazda Motor Corporation is a Japanese corporation; the administrator alleged in the complaint and states in his brief that Mazda Motor Corporation is a California corporation. The exhibit in support of the administrator's allegation is a record from the Alabama Secretary of State’s office regarding “Mazda Motor of America, Inc.,” which is a California corporation.

. The history of the Act and a review of many cases discussing it are contained in Ex parte Walter Industries, Inc., 879 So.2d 547, 549-52 (Ala.2003).

. Rule 82(c) provides:
“Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”

. Section 6-3-7(d), as amended in 1999, states:
"(d) Notwithstanding Section 6-3-10, or any local laws relating to venue, in any county having two courthouses, the divisions shall be treated as two separate judicial districts for purposes of venue and for purposes of any change or transfer of venue, unless the jury venire is drawn from throughout the entire county.”
Section 6-3-10 states:
"In all counties having two courthouses, the provisions of this chapter [Chapter 3, Venue] shall not affect any local laws relating to venue in force at the adoption of this Code.”