MURDOCK, Justice
(concurring in the result).
For reasons I previously have expressed, I believe that this Court’s holdings in Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 587 (Ala. *944 2006), and in Ex parte Suzuki Mobile, Inc., 940 So.2d 1007, 1010 (Ala.2006), construing the phrase “events or omissions giving rise to the claim” in Ala.Code 1975, § 6-3-7(a)(1), as meaning “the acts or omissions of the corporate defendant” is incorrect. See Ex parte Ford Motor Co., 73 So.3d 597, 605-06 (Ala.2011) (Murdock, J., dissenting); Ex parte Ford Motor Co., 47 So.3d 234, 241 (Ala.2010) (Murdock, J., concurring in the result). Under what I consider to be the plain meaning of the phrase “events ... giving rise to the claim,” the killing of the Saulsberrys’ grass in Wilcox County was an event giving rise to the claim against Thomasville Feed & Seed.
That said, the respondents have not asked us to overrule Volvo Trucks and Suzuki Mobile, nor have they made an argument that, short of explicitly asking us to overrule those cases, contends for what I consider to be the correct construction of § 6-3-7(a)(l). In both the trial court and in its petition to this Court, the petitioner relies on Volvo Trucks and Suzuki Mobile. Although this Court may affirm a trial court’s judgment on any valid legal ground, and I believe that my reading of the language of § 6-3-7(a)(l) would be a valid legal ground, reliance upon it would require this Court to accept an understanding of § 6-3-7(a)(l) that is inconsistent with relatively recent holdings of this Court. For this Court to rule in favor of the respondents in this case, we would have to do so without Thomasville Feed & Seed ever having been put on notice that the viability of the holdings of this Court upon which it relies is an issue it needed to address. I therefore concur in the result.