MURDOCK, Justice
(dissenting).
I respectfully dissent from today’s decision. As I explained in my special writing in Ex parte Wachovia Bank, N.A., 77 So.3d 570 (Ala.2011) (Murdock, J., dissenting):
“With this Court’s recent interpretation of the ‘interest-of-justice’ prong of § 6-3-21.1, I believe we largely have negated the intended field of operation of statutory provisions such as [Ala.Code 1975,] § 6-3-2(a)(3). See also [Ala.Code 1975,] § 6-3-2(a)(2) (providing for actions on contracts brought against an individual to be commenced in the county where the defendant resides if he or she maintains a permanent residence in that county); § 6-3-7(a)(2) (providing that an action may be brought against a corporation in the county of the corporation’s principal office in this state). In effect, we have substituted a new presumption that an action cannot be tried in a county if the only connection between the lawsuit and the county is that the county is the permanent residence of one or more of the defendants. We now call such a connection a ‘weak connection’ and, as a general rule, require the transfer of the tort action to the county where the‘accident’occurred... .[3]
[[Image here]]
“In interpreting and applying the ‘interest-of-justice’ prong in this manner, we have, I believe, given that prong far greater meaning and effect than it has historically been understood by the bench and bar to have. Moreover, we have given it an effect inconsistent with the legislative determination that other statutorily prescribed locations for actions under §§ 6-3-2 and 6-3-7 are generally and presumptively appropriate.”
77 So.3d at 576-77.
Today’s decision perpetuates the above-described misinterpretation of the interest-of-justice prong of the forum non conve-niens statute.

. Ironically, however, in products-liability cases, we do not treat the county where an accident occurred as a county in which "an event ... giving rise to the claim” occurred for purposes of the venue provision found in § 6-3-7(a)(l), Ala.Code 1975. See Ex parte Suzuki Mobile, Inc., 940 So.2d 1007 (Ala.2006); Ex parte Volvo Trucks North America, Inc., 954 So.2d 583 (Ala.2006). I have expressed my disagreement with this proposition. See, e.g., Ex parte Ford Motor Co., 47 So.3d 234, 241 (Ala.2010) (Murdock, J., concurring in the result); Ex parte Thomasville Feed & Seed, Inc., 74 So.3d 940, 944 (Ala.2011) (Murdock, J., concurring in the result).