MURDOCK, Justice
(dissenting).
I respectfully dissent.
First, I question the significance of the main opinion’s quotations from Ex parte Windom, 840 So.2d 885, 889 n. 2 (Ala.2002), and Ex parte Pikeville Country Club, 844 So.2d 1186, 1188-89 (Ala.2002), insofar as those cases discuss the meaning of the term “injury” in venue cases applying the predecessor of current § 6-3-7(a)(1), Ala Code 1975. That term no longer is found in § 6-3-7(a)(l). See Act 99-249, Ala. Acts.1999.
Further, those cases are quoted as part of two separate discussions of the proper venue of the various tort claims asserted by SafetyNet Youth Systems, LLC (“Safe-tyNet”). It appears to me, however, that SafetyNet could bring this action in Dallas County because Dallas County is a proper venue for its contract claims against the corporate defendants. See § 6 — 3—7(a)(1) (“All civil actions against corporations may be brought in any of the following counties: (1) [i]n the county in which a substantial part of the events were omissions giving rise to the claim occurred....”); see also Rule 82(c), Ala. R. Civ. P. (‘Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.”). In this regard, I agree with the following argument by Saf-etyNet:
“Safetynet’s breach-of-contract claim is based upon Defendants’ failure to tender the performance required by the insurance contracts. This failed performance included not performing a proper retroactive audit of Safetynet’s business records which are located in Dallas County, and failing to tender the contractually required refund of premiums to Safetynet’s Dallas County corporate office. ‘ “A breach of contract occurs where the contract is to be performed.” ’ Vulcan Materials Co. [v. Alabama Ins. Guar. Ass’n], 985 So.2d [376] at 382 [(Ala.2007)] (quoting Strickland v. Trion Group, Inc., 463 F.Supp.2d 921, 925 (E.D.Wis.2006)).”
SafetyNet’s brief, p. 23.
Finally, I disagree with the main opinion’s application of the phrase “events or omissions giving rise to the claim.”
*874 “For reasons I previously have expressed, I believe that this Court’s holdings in Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 587 (Ala.2006), and in Ex parte Suzuki Mobile, Inc., 940 So.2d 1007, 1010 (Ala.2006), construing the phrase ‘events or omissions giving rise to the claim’ in Ala. Code 1975, § 6-3-7(a)(l), as meaning ‘the acts or omissions of the corporate defendant’ is incorrect. See Ex parte Ford Motor Co., 73 So.3d 597, 605-06 (Ala.2011) (Murdock, J., dissenting); Ex parte Ford Motor Co., 47 So.3d 234, 241 (Ala.2010) (Murdock, J., concurring in the result).”
Ex parte Thomasville Feed & Seed, Inc., 74 So.3d 940, 943-44 (Ala.2011) (Murdock, J., concurring in the result).