Citizens State Bank ("the Bank") is a corporation; its principal office is in Lamar County. It is undisputed that the Bank has never done business by agent in Jefferson County. On May 11, 2007, Bill McGee and Betty McGee filed a declaratory-judgment action against the Bank in the Jefferson Circuit Court. The Bank timely filed a motion to transfer the action to the Lamar Circuit Court. In response to the Bank's motion to transfer, the McGees argued only "that because [they] are residents of Jefferson County, Jefferson County venue is proper under § 6-3-7(a)(3)," Ala. Code 1975.
The trial court, without explanation, denied the Bank's motion to transfer. The Bank timely petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying the motion and to transfer the action to Lamar County. We grant the petition and issue the writ.
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." Ex parte Alabama Great SouthernR.R., 788 So.2d 886, 888 (Ala. 2000). "The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ *Page 508 
of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge." Ex parteFinance America Corp., 507 So.2d 458, 460 (Ala. 1987).
Section 6-3-7, Ala. Code 1975, governs venue for actions against corporate defendants. That section provides, in pertinent part:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
(Emphasis added.)
It is undisputed that the Bank's principal office is in Lamar County. Further, it is undisputed that no "substantial part of the events or omissions giving rise to the claim occurred" in Jefferson County. Consequently, to determine whether venue is proper in Jefferson County, we need only apply the clear language of § 6-3-7(a)(3) to the undisputed facts of this case.
In support of its motion to transfer, the Bank filed an affidavit of Anthony J. Burnett, its executive vice president. According to that affidavit, the "Bank does not, nor has it ever done business in Jefferson County, Alabama, by an agent." Section 6-3-7(a)(3) clearly provides that a corporation may be sued "[i]n the county in which the plaintiff resided . . . at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence." Burnett's affidavit was sufficient to make a prima facie showing that the Bank did not do business by agent in Jefferson County. Consequently, the burden then shifted to the McGees to prove that the Bank did in fact conduct business by agent in Jefferson County. Ex parteSilver Chiropractic Group, Inc., 975 So.2d 922, 926
(Ala. 2007); Ex parte Pike Fabrication, Inc.,859 So.2d 1089, 1092 (Ala. 2002). However, the McGees offered no evidence indicating that the Bank did business by agent in Jefferson County. Instead, they argued, as they do in response to the Bank's petition for the writ of mandamus, that § 6-3-7(a)(3) allows them to sue the Bank in the county of their residence, regardless of whether the Bank did business by agent in that county. The McGees' argument is contrary to the clear language of the statute, as well as the prior decisions of this Court. See, e.g., Ex parte Scott Bridge Co.,834 So.2d 79, 81 (Ala. 2002).
For the foregoing reasons, we grant the Bank's petition and issue a writ of mandamus directing the Jefferson Circuit Court to vacate its order denying the Bank's motion to transfer and to enter an order transferring the action to Lamar County.
PETITION GRANTED; WRIT ISSUED.
 COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur. *Page 509