PARKER, Justice.
Tyson Chicken, Inc. (“Tyson”), petitioned this Court for a writ of mandamus directing the Etowah Circuit Court to transfer the worker’s compensation action brought by Anna Ruth Guyton to the Marshall Circuit Court where, it- says, venue is proper.

*2
Facts and Procedural History

The facts of this case, as described by Tyson, are undisputed. Guyton, who lived in Etowah County, was an employee of Tyson’s at its production facility in Marshall County. On August 5, 2009, she was apparently injured on the job, and she subsequently filed a claim for worker’s compensation benefits on August 19, 2009, in the Etowah Circuit Court.
Tyson filed its answer on August 21, 2009, asserting, among other things, that venue in Etowah County was improper. On September 15, 2009, Tyson filed a motion to transfer the action to Marshall County. Guyton argued in response that her residence in Etowah County made venue there proper.
Tyson’s motion was denied on October 26, 2009. The trial court’s order reads in full: “It appearing that [Guyton] resides in Etowah County, [Tyson’s] Motion to Transfer Venue is hereby DENIED.” Tyson petitioned the Court of Civil Appeals for a writ of mandamus. That court denied the petition without an opinion on March 11, 2010. Ex parte Tyson Chicken, Inc. (No. 2090197, March 11, 2010), — So.3d - (Ala.Civ.App.2010) (table). Tyson subsequently petitioned this Court for a writ of mandamus directing the Etowah Circuit Court to transfer the case to the Marshall Circuit Court. We grant the petition and issue the writ.

Standard of Review

“ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
“ ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).
As the party moving for the transfer, Tyson has the burden of demonstrating that venue in Etowah County was improper. Once Tyson made that prima facie showing, the burden then shifted to Guy-ton to rebut Tyson’s prima facie showing. See Ex parte Movie Galleny, Inc., 31 So.3d 104, 109 (Ala.2009).

Discussion

The sole issue in this case is whether Tyson does business in such a way in Etowah County as to make venue proper there. Venue in the courts of this State is a matter of statute, not judicial discretion. See § 6-3-1 et seq., Ala.Code 1975. Tyson and Guyton agree that venue in this case is governed by § 6-3-7(a) Ala. Code 1975, which states:
*3 “All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
The parties agree that all the events related to this litigation occurred in Marshall County, where Guyton was employed by Tyson in its production facility, and that venue in Marshall County is therefore proper under § 6-3-7(a)(l). They also agree that Tyson’s principal place of business in Alabama is in Calhoun County and that venue would also be proper in that county under § 6 — 3—7(a)(2). Finally, it is undisputed that Guyton is a resident of Etowah County, where she filed her claim. The only issue before this Court is whether Tyson does business by agent in Eto-wah County within the language of § 6-3-7(a)(3) and, thus, whether venue under subsection (a)(3) is proper in Etowah County.
The undisputed facts in this case, as presented by Tyson and agreed to without exception by Guyton, show no activity by Tyson in Etowah County sufficient to meet this standard. Tyson’s principal place of business in Alabama is in Calhoun County; its production facility is in Marshall County. Tyson specifically claims that it does no business by agent in Eto-wah County, a claim Guyton did not refute before the trial court. Guyton argues that placing a product into the intrastate stream of commerce, hiring employees who reside in Etowah County, and having an agent for service of process in the State are sufficient to meet the statutory requirement of doing “business by agent in the county of the plaintiffs residence” and therefore makes venue proper in Etowah County.
Guyton argues that Tyson puts its product, processed chicken, into the intrastate stream of commerce with the knowledge that some of that product will almost certainly appear for sale at retail locations in Etowah County. Guyton’s stream-of-commerce argument is an incorrect understanding of the venue statute, confusing venue with the due-process standards for personal jurisdiction. In support of her argument, Guyton cites no cases regarding venue. She instead cites famous cases regarding personal jurisdiction, including Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Because jurisdiction is not contested here, however, these cases are inapt.
Neither the language of § 6-3-7(a)(3) nor the decisions of this Court support Guyton’s argument. The language of the statute — “does business by agent in the county of plaintiffs residence” — implies more than the undirected arrival in the county of the plaintiffs residence of products produced by the defendant corporation; this Court has previously interpreted that language to mean that the corporation, “with some regularity, ... performs *4 there some of the business functions for which it was created.” Ex parte South-Trust Bank of Tuscaloosa County, N.A., 619 So.2d 1356, 1358 (Ala.1993). There is, by contrast, no evidence indicating that Tyson performs any business functions at any time in Etowah County. Guyton does not even allege that those entities selling Tyson’s products are agents of Tyson through whom it does business, as required by the language of the statute.
Guyton asks this Court to consider expanding venue to make venue proper in any county in which a court has personal jurisdiction, but the legislature, not this Court, is the proper forum to consider such changes to the venue statute as Guy-ton suggests. See § 43, Ala. Const. 1901 (“In the government of this state ... the judicial [department] shall never exercise the legislative and executive powers, or either of them.... ”).
Guyton’s other arguments are equally unconvincing. First, the fact that Tyson has a registered agent in the State cannot be sufficient to make venue in Eto-wah County proper because, if that were so, venue for an action against a corporation would then be proper in any and every county, and the statute would be rendered meaningless. See Chism v. Jefferson County, 954 So.2d 1058, 1074 (Ala.2006) (“ ‘It is presumed that the legislature does not enact meaningless, vain, or futile statutes.’ ” (quoting Druid City Hosp. Bd. v. Epperson, 378 So.2d 696, 699 (Ala.1979))). Second, our decisions do not indicate that hiring employees constitutes doing business by their employer in the county where those employees choose to live; venue is dependent on the decisions of the defendant corporation, not on the personal choices of its employees independent of their employment. See, e.g., Ex parte Greenetrack, Inc., 25 So.3d 449, 454 (Ala.2009) (holding that an inter-county bus service transporting gaming customers from Pickens County to Greene County, where gaming facility was located, was “ ‘incidental to [Greenetrack’s] corporate business functions’ ” and therefore did not constitute “doing business” in Pickens County as those words were used in the venue statute, even though Greenetrack also had employees in Pickens County and advertised there (quoting Ex parte Scott Bridge Co., 834 So.2d 79, 81-82 (Ala.2002))). Similarly, the consideration of the appropriate weight to be given to the plaintiffs residency in choosing between multiple appropriate venues does not arise in this case, because, as already discussed, Etowah County is not a proper venue. Finally, the fact that the courthouse in Etowah County and the courthouse in Marshall County are only 30 miles apart and the parties and their counsel would only have to travel a relatively short distance to Etowah County does not make venue proper in a county where the requirements of the venue statute are not met.
We therefore conclude that venue in Etowah County was improper as to this case and that the trial court erred in refusing to transfer the case to Marshall County. Tyson has a legal right to have the case transferred to another circuit where venue was proper. Because Tyson properly invoked the jurisdiction of this Court in its petition, the writ of mandamus will issue in this case.

Conclusion

Venue in this State is controlled by statute. Although, as Guyton points out, it is not “set ... into stone,” the proper forum for any change in the law of venue is the legislature, not this Court. In the case before us today, application of the language of the venue statute, as previously interpreted by this Court, to the facts before us can lead to only one conclusion: *5 venue is improper in Etowah County and is proper in Marshall County. Tyson has established a clear legal right to have this case transferred. Therefore, we grant the petition and issue the writ directing the Etowah Circuit Court to transfer this case to the Marshall Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, SHAW, and WISE, JJ., concur.