WOODALL, Justice.
Thomasville Feed & Seed, Inc. (“Thom-asville Feed”), petitions this Court for a writ of mandamus directing the Wilcox Circuit Court to transfer the action filed against it by Roy Saulsberry and Roy Saulsberry, Jr. (hereinafter referred to collectively as “Saulsberry”), to the Clarke Circuit Court. For the reasons stated herein, we grant the petition and issue the writ.
Saulsberry owns and operates a cattle farm in Wilcox County. He grows grass on the farm, primarily to feed the cattle, either for grazing or as hay. From time to time, Saulsberry applies fertilizer to enrich the soil in which the grass is grown.
Thomasville Feed is located in Clarke County. It is in the business of selling feed, seed, and other products associated with lawn care, garden care, and farming. In April 2008, Saulsberry went to Thomas-ville Feed’s store and purchased 4.5 tons of fertilizer, which he transported to his farm and applied to his fields. According to Saulsberry, the fertilizer caused his grass to die.
On April 22, 2010, Saulsberry sued Thomasville Feed in the Wilcox Circuit Court. He alleged that the fertilizer he had purchased from Thomasville Feed was defective and that, therefore, Thomasville Feed was liable for damages under the Alabama Extended Manufacturer’s Liability Doctrine (“the AEMLD”). Thomasville Feed responded to the complaint with a motion to dismiss and an answer. The motion to dismiss alleged, in pertinent part, that venue was improper in Wilcox County.
*942 In support of its motion to dismiss, Thomasville Feed filed an affidavit of its president, John 0. Wood. According to Wood, Thomasville Feed is an Alabama corporation that has its only place of business, namely, the store at which Saulsber-ry purchased the fertilizer in question, in Clarke County. Further, Wood said, Thomasville Feed has not done business by agent in Wilcox County.
On August 23, 2010, the trial court denied Thomasville Feed’s motion to dismiss. On August 27, Thomasville Feed filed a motion to transfer the case to Clarke County, alleging that venue was not proper in Wilcox County and relying again on Wood’s affidavit. On February 7, 2011, the trial court denied the motion to transfer, and Thomasville Feed timely petitioned this Court for mandamus relief.
“ ‘The burden of proving improper venue is on the party raising the issue.’ ” Ex parte Citizens State Bank, 989 So.2d 507, 507 (Ala.2008) (quoting Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987)). “A trial court’s denial of a motion to transfer based on improper venue is reviewable by a petition for writ of mandamus, and ‘such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.’ Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994).” Ex parte Burr & Forman, LLP, 5 So.3d 557, 565 (Ala.2008). Our review may not extend beyond those facts that were before the trial court. Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008).
Section 6-3-7, Ala.Code 1975, governs venue for actions against corporate defendants. That section provides, in pertinent part:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
It is undisputed that Thomasville Feed’s principal office is in Clarke County. Indeed, its only place of business is located there. Venue, therefore, is not proper in Wilcox County under § 6-3-7(a)(2). Furthermore, the “ ‘catch-all’ venue provision, § 6-3-7(a)(4), applies only if no county would be a proper forum under the other three corporate-venue provisions.” Ex parte Siemag, Inc., 53 So.3d 974, 980 n. 3 (Ala.Civ.App.2010). Consequently, to determine whether venue is proper in Wilcox County, we need consider only § 6-3-7(a)(1) and (3) in the context of the facts that were before the trial court.
Section 6-3-7(a)(3) provides that a corporation may be sued “[i]n the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence.” According to Wood’s affidavit, Thomasville Feed has not done business by agent in Wilcox County, the county of Saulsberry’s *943 residence. This affidavit was sufficient to make a prima facie showing that Thomas-ville Feed does not do business in Wilcox County, thereby shifting to Saulsberry the burden to prove that Thomasville Feed does in fact conduct business by agent in Wilcox County. Ex parte Citizens State Bank, 989 So.2d at 508. However, Sauls-berry offered no evidence indicating that Thomasville Feed does business by agent in Wilcox County. Consequently, we conclude, as we must, that venue does not lie in Wilcox County pursuant to § 6-3-7(a)(3).
Section 6-3-7(a)(l) provides, in part, that a corporation may be sued “[i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred.” This Court has construed “the events or omissions giving rise to the claim” to refer to the wrongful acts or omissions of the corporate defendant. Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 587 (Ala.2006); Ex parte Suzuki Mobile, Inc., 940 So.2d 1007, 1010 (Ala.2006); and Ex parte Pikeville Country Club, 844 So.2d 1186, 1189 (Ala.2002). Saulsberry’s AEMLD claim is premised upon Thomasville Feed’s sale of an allegedly defective product to him at its store in Clarke County. “[I]n an action for injuries caused by an allegedly defective product, the ‘wrongful acts or omissions of the corporate defendant’ are acts such as ‘designing, manufacturing, assembling, distributing, and selling’ the allegedly defective product, along with any alleged ‘fail[ure] to warn.’ ” Ex parte Volvo, 954 So.2d at 587 (quoting Ex parte Suzuki, 940 So.2d at 1010) (emphasis added). Consequently, venue does not lie in Wilcox County pursuant to the first clause in § 6-3-7(a)(l).
Section 6-3-7(a)(l) also provides that a corporation may be sued “[i]n the county in which ... a substantial part of real property that is the subject of the action is situated.” Saulsberry argues that “[v]en-ue is proper in Wilcox County ... because the real property that is the subject of this [action] is located in Wilcox County.” Saulsberry’s brief, at 3. However, we do not agree that Saulsberry’s cattle farm is “the subject of the action.” Saulsberry has asserted a single cause of action under the AEMLD, alleging that Thomasville Feed sold him a defective product — fertilizer — that caused his grass to die. For this alleged damage, Saulsberry seeks monetary compensation. We agree with Thomasville Feed that the subject of this action is the sale of an allegedly defective product, not the real property in Wilcox County. See Ex parte Jim Walter Homes, Inc., 712 So.2d 733, 736 (Ala.1998) (“ ‘Subject matter,’ as that term is used in § 6-3-2(b)(1), [Ala.Code 1975, which applies to ‘[a]ll actions where real estate is the subject matter of the action,’] refers to the nature of the cause of action and the nature of the relief sought.”).
For the foregoing reasons, we grant Thomasville Feed’s petition and issue a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying Thomasville Feed’s motion to transfer and to enter an order transferring the action to Clarke County.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs in the result.