MAIN, Justice.
East Alabama Medical Center (“EAMC”) petitions this Court for a writ of mandamus directing the Randolph Circuit Court to transfer the action filed against it by John Tinney to the Lee Circuit Court. For the reasons set out below, we grant the petition and issue the writ.
I. Factual Background and Procedural History
Tinney represented Jerry Benefield in a personal-injury action arising out of a motor-vehicle accident. Benefield was treated at EAMC for injuries he sustained in the accident. EAMC filed a hospital lien in Lee County for $3,361 against any recovery Benefield might receive in settlement of his personal-injury action. Tinney recovered a settlement for Benefield. As part of the settlement, Progressive Insurance Company issued a check made payable to EAMC and Tinney in the amount of $3,361.
On October 14, 2011, Tinney filed the underlying lawsuit against EAMC in the Randolph Circuit Court, claiming that he had asked EAMC to allow him to receive 40% of the lien check as an attorney fee but that EAMC “failed and refused to negotiate the check or to agree on a division of the money.” On November 18, 2011, EAMC moved to transfer the action to Lee County, citing § 6-3-7, Ala. Code 1975, and stating that its principal office is located in Opelika, Lee County; that Lee County is where all actions taken by EAMC, such as telephone calls and letters, occurred; and that EAMC has no facilities and does no business by agent in Randolph County. In support of its motion for a change of venue, EAMC filed an affidavit of its president, Terry Andrus. According to Andrus, EAMC is an Alabama corporation that has its principal office in Opelika, Lee County. Further, Andrus stated, EAMC has no facilities in Randolph County and has not done business by agent in Randolph County. EAMC also filed an affidavit of its business-office supervisor, Sandra Davis. According to Davis, “[a]ll actions taken by EAMC and it employees with respect to Jerry Benefield or his lawyer[,] John Tinney[,] took place in Lee County, Alabama.” Davis further stated that all communications regarding the delinquent account, the hospital lien, and any reduction in the lien amount occurred in Lee County and that no activities occurred in Randolph County.
Tinney did not file a response in opposition to EAMC’s motion for a change of venue. On February 16, 2012, the trial court conducted a hearing on the venue question. On June 6, 2012, the trial court denied EAMC’s motion for a change of venue without stating any ground. The trial court’s order stated in its entirety: “Motion having been made to transfer venue in the above case and the Court having considered the same, the motion is due to be denied.” EAMC timely petitioned this Court for mandamus relief.
II. Standard of Review
“‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.’ Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack *1116 of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Moreover, our review is limited to those facts that were before the trial court. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
‘“The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). In addition, this Court is bound by the record, and it cannot consider a statement or evidence in a party’s brief that was not before the trial court. Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002). Thus, if EAMC made a prima facie showing that venue in Randolph County was improper, the burden then shifted to Tinney to rebut that showing. Ex parte Movie Gallery, Inc., 31 So.3d 104, 109 (Ala.2009).
III. Analysis
EAMC contends in its petition for a writ of mandamus that “[t]he only proper venue is Lee County” and that “Randolph County is an improper venue for the claims against EAMC.” Section 6-3-7, AIa.Code 1975, governs venue for actions against corporate defendants. That section provides, in pertinent part:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff’s residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
EAMC argues that venue is not proper in Randolph County under any of the subsections of § 6-3-7(a).
A. Section 6-3-7(a)(1)
Section 6-3-7(a)(l) provides, in part, that a corporation may be sued “[i]n the county in which a substantial part of the events or omissions giving rise to the claim occurred.” EAMC argues that “the events or omissions giving rise to the claim” refers to the actions or omissions of the defendant. This Court so held in Ex parte Thomasville Feed & Seed, Inc., 74 So.3d 940 (Ala.2011):
“This Court has construed ‘the events or omissions giving rise to the claim’ to refer to the wrongful acts or omissions of the corporate defendant. Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 587 (Ala.2006); Ex parte Suzuki Mobile, Inc., 940 So.2d 1007, 1010 (Ala.2006); and Ex parte Pikeville Country Club, 844 So.2d 1186, 1189 (Ala.2002).”
74 So.3d at 943. Tinney’s complaint states that EAMC “failed and refused to negotiate the check or to agree on a division of *1117 the money with [Tinney].” However, Davis testified that EAMC took no action in Randolph County and that all of EAMC’s actions relative to Benefield or Tinney took place in Lee County. Moreover, Tinney does not argue that venue is proper in Randolph County pursuant to subsection (a)(1). Venue, therefore, is not proper in Randolph County under § 6-3-7(a)(1).
B. Section 6-3-7(a)(2)
It is undisputed that the materials before this Court show that EAMC’s principal office is in Lee County. Venue, therefore, is not proper in Randolph County under § 6-3-7(a)(2).
C. Section 6-3-7(a) (3)
The only contested issue before this Court is whether EAMC does business by agent in Randolph County within the language of § 6-3-7(a)(3) and, thus, whether venue under subsection (a)(3) is proper in Randolph County. Section 6-3-7(a)(3) provides that a corporation may be sued “[i]n the county in which the plaintiff resided ... at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence.” According to An-drus’s affidavit, EAMC has not done business by agent in Randolph County, the county where Tinney resides. Andrus’s affidavit was sufficient to make a prima facie showing that EAMC does not do business in Randolph County, thereby shifting to Tinney the burden of proving that EAMC does in fact conduct business by agent in Randolph County. Ex parte Thomasville Feed & Seed, 74 So.3d at 943 (citing Ex parte Citizens State Bank, 989 So.2d 507, 508 (Ala.2008)).
In his answer in opposition to the mandamus petition, Tinney contends that EAMC does business in Randolph County through a subsidiary, East Alabama Heart and Vascular Consultations, LLC, which has a clinic in Randolph County, and through Dr. David G. Holmes, a cardiologist on the medical staff of EAMC in Opelika, Lee County, who also treats patients at the clinic in Randolph County. With his answer in response to the mandamus petition, Tinney filed an exhibit referred to as “Business Entity Details” from the Secretary of State’s Web site showing that EAMC is the manager of a limited-liability company named “East Alabama Heart and Vascular Consultations, LLC.” The exhibit, however, does not list the address of the LLC as being in Randolph County — the principal address on the form is shown as “Not Provided.” Instead, Tinney simply asserts in his response to the mandamus petition that the entity is a clinic located in Roanoke, Randolph County. Tinney also attached EAMC’s “Medical Staff Directory 2012” as an exhibit to his answer in response to the mandamus petition. He claimed that Dr. David G. Holmes practices at EAMC in Opelika and also treats patients at the clinic in Randolph County, which is an affiliate of EAMC.
Tinney, however, offered no evidence in the trial court in opposition to the motion for a change of venue indicating that EAMC does business by agent in Randolph County. The exhibits Tinney attached to his answer in response to the mandamus petition were not presented to the trial court. It is well settled that, “in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.” Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010). See Ex parte Ford Motor Credit Co., 772 So.2d 437, 442 (Ala.2000) (“ ‘On review by mandamus, we must look at only those facts before the trial court.’ ” (quoting Ex parte Baker, 459 So.2d 873, 876 (Ala.1984))). “[T]his Court is bound by the [materials before it], and it *1118 cannot consider a statement or evidence in a party’s brief that was not before the trial court.” Ex parte Pike Fabrication, 859 So.2d at 1091. Accordingly, we have not considered those exhibits attached to Tin-ney’s answer in response to the mandamus petition. See Ex parte Pike Fabrication, 859 So.2d at 1091, and Verbena United Methodist Church, 953 So.2d 395, 399 (Ala.2006) (refusing to consider an affidavit submitted in opposition to a mandamus petition because the affidavit was not before the trial court when that court rendered the decision under review).[1] Venue, therefore, is not proper in Randolph County under § 6-3-7(a)(3).
D. Section 6-3-7(a)(i)
This Court held in Ex parte Thomasville Feed & Seed that “the ‘“catch-all” venue provision, § 6-3-7(a)(4), applies only if no county would be a proper forum under the other three corporate-venue provisions.’ Ex parte Siemag, Inc., 53 So.3d 974, 980 n. 3 (Ala.Civ.App.2010).” 74 So.3d at 942. Venue, therefore, is not proper in Randolph County under § 6-3-7(a)(4).
IV. Conclusion
EAMC has proved that venue is not proper in Randolph County under any of the subsections of § 6 — 3—7(a); therefore, the trial court clearly erred in denying EAMC’s motion to transfer the case to Lee County. Because EAMC has shown that it has a clear legal right to have this action transferred to Lee County, we grant EAMC’s petition and issue a writ of mandamus directing the Randolph Circuit Court to vacate its order denying EAMC’s motion to transfer and to enter an order transferring the action to Lee County.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and WOODALL and BOLIN, JJ., concur.
MURDOCK, J., concurs in the result.

. On mandamus review, this Court has consistently stated that we will not consider materials that have not been before the trial court. See, e.g. Ex parte Wright Bros. Constr. Co., 88 So.3d 817, 820 (Ala.2012); Ex parte Tyson Chicken, Inc., 72 So.3d 1, 2 (Ala.2011); Ex parte Ford Motor Co., 47 So.3d 234, 241 (Ala.2010); and Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 345 (Ala.2006).