WISE, Justice.
Quality Carriers, Inc., and Bennie Hugh Orcutt, two of the defendants below, filed a petition for a writ of mandamus requesting this Court to direct the Dallas Circuit Court to vacate' its order denying their motion to transfer the underlying action to the Autauga Circuit Court arid to enter an order granting the motion. We grant the petition and issue the writ. .

Facts and Procedural History

■ On February 9, 2014, Desmond Rachard Woods was driving northbound, on Interstate 65 in Autauga County in a Ford Crown Victoria automobile; Kimberly Shonta Livingston, Tory Danta Cooper, Marquita Shonay Speer (“Marquita”), and Aaron Randall Jones-were passengers in the automobile. The automobile Woods was driving had a mechanical problem and stalled in the right travel lane; it was nighttime, and the lights on the automobile were not on. Woods, Cooper, and Jones got out of the automobile and started looking under the hood. Livingston and Marquita remained in the automobile.
Orcutt, who- was employed by Quality Carriers, was also traveling northbound on Interstate 65 in a tractor-trailer rig that was owned by Quality Carriers. The tractor-trailer rig Orcutt was driving collided with the back of the automobile, which was stalled in the roadway. Both vehicles caught fire. Livingston and Marquita, who were in- the automobile when it caught fire, were pronounced dead at the scene by Malvin 0. Barber, the Autauga County coroner. Woods and Cooper were transported to Prattville Hospital. According *940 to the accident report, marijuana was found on Woods’s person at the hospital. At the time the accident report was filed, toxicology results were pending to determine whether Woods was under the influence of marijuana at the time of the crash.
The deputy sheriff who was the first responder to the scene worked in Autauga County. Additionally, a member of the Autauga County Rescue Squad also responded to the scene and assisted in the care of the injured individuals. The Au-tauga County coroner also responded to the scene and pronounced Livingston and Marquita dead. Kenneth Barber and Catherine Ricketts, who were both assistant Autauga County coroners, also responded to the scene. In his affidavit, Kenneth Barber stated that he was.also the chief of the Marbury Volunteer Fire Department (“MVFD”); that he was a resident of Autauga County; and' that he directed the MVFD’s work and assisted with the pronouncements of death in-this case. In her affidavit, Ricketts stated that she was also the assistant chief of the MVFD; that she also assisted in the pronouncements of death; and that she also assisted with MVFD’s work.
Livingston and Marquita were both residents of Autauga County. At all material times, Orcutt was a resident of Pensacola, Florida. Quality Carriers is an Illinois corporation, with its principal place of business in Tampa, Florida. Quality Carriers has never been an Alabama corporation and has never had its principal place of business in Alabama.
On March 19, 2014, Robert Speer (“Speer”), as administrator of Livingston’s estate, filed a complaint in the Dallas Circuit Court against Quality Carriers, Or-cutt, and Woods. Speer, a resident of Autauga County, asserted claims of negligence and wantonness against all the defendants. With regard to Woods, Speer asserted that Woods had negligently and wantonly failed to move his automobile out of the lane of traffic, which resulted in the collision. He asserted that Woods had breached his duty of care by
“failing to pay proper attention to the roadway and the traffic, failing to obey the laws and rules of the State of Alabama, failing to control the vehicle in order to avoid a collision, and failing to move his vehicle out of the lanes of traffic when stalled which resulted in a collision. Further, Defendant Woods was not fit to safely operate a motor vehicle at the time of the incident in question.”
Speer also asserted claims of negligent entrustment, negligent hiring, and negligent supervision against Quality Carriers. Woods subsequently answered the complaint and filed cross-claims against Quality Carriers and Orcutt.
On May 12, 2014, Quality Carriers and Orcutt filed a motion to transfer the action from Dallas County to Autauga County based on the doctrine of forum non conve-niens, as codified in § 6-3-21.1, Ala.Code 1975. On August 19, 2014, Speer filed his first amended complaint and a response in opposition to the motion to transfer. In his amended complaint, Speer amended his negligence and wantonness claims against Woods to add the allegation that Woods had “negligently and wantonly inspected his vehicle.” On August 19, 2014, Woods filed a “Joinder in Opposition to the Motion to Transfer Venue.” On October 15, 2014, the trial court denied the motion to transfer. This petition followed.

Standard of Review

 “A petition for a writ of mandamus is the appropriate ‘method for obtaining review of a denial of a motion for a change of venue’ pursuant to § 6-3-21.1. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998)....
*941 [[Image here]]
“ ‘A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified “in the interest of justice.”’ Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where ‘the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala.Code 1975, compels the trial court to transfer the action to the alternative forum.’ Ex parte First Tennessee Bank Nat’lAss’n, 994 So.2d 906, 912 (Ala.2008) (emphasis added).”
Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala.2011).

Discussion

Quality Carriers and Orcutt argue that the trial court exceeded its discretion in denying their motion to transfer the action from Dallas County to Autauga County. Specifically, they contend that Autauga County has a strong connection to the case because all the material events that gave rise to Speer’s claims occurred there. In contrast, Quality Carriers and Orcutt assert, Dallas County has, at best, only a tenuous connection to the case — namely, the facts that Woods resides there and that maintenance on the automobile Woods was driving at the time of the accident may or may not have been performed in Dallas County. Quality Carriers and Or-cutt assert that the interest-of-justice prong of Alabama’s forum non conveniens statute mandates a transfer to Autauga County.
Quality Carriers and Orcutt have filed a motion to strike certain exhibits attached to the responses to the mandamus petition that were filed by Speer and Woods and to strike any arguments based upon those exhibits because those exhibits were not before the trial court at the time the trial court ruled on the motion to transfer. Neither Speer nor Woods has disputed the assertions of Quality Carriers and Orcutt in this regard. Additionally, it does not appear that Exhibits 2-11 to Speer’s response or Exhibits 10-12 to Woods’s response were before the trial court when it ruled on the motion to transfer.
“It is well settled that, ‘in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.’ Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010). See Ex parte Ford Motor Credit Co., 772 So.2d 437, 442 (Ala.2000) (‘ “On review by mandamus, we must look only at those facts before the trial court.’” (quoting Ex parte Baker, 459 So.2d 873, 876 (Ala.1984))). ‘[T]his Court is bound by the [materials before it], and it cannot consider a statement or evidence in a party’s brief that was not before the trial court.’ Ex parte Pike Fabrication[, Inc.], 859 So.2d [1089,] 1091 [(Ala.2002) ]. Accordingly, we have not considered those exhibits attached to Tinney’s answer in response to the mandamus petition. See Ex parte Pike Fabrication, 859 So.2d at 1091, and Verbena United Methodist Church, 953 So.2d 395, 399 (Ala.2006) (refusing to consider an affidavit submitted in opposition to a mandamus petition because the affidavit was not before the trial court when that court rendered the decision under review )....”
Ex parte East Alabama Med. Ctr., 109 So.3d 1114, 1117-18 (Ala.2012) (emphasis *942 added). Accordingly,, we grant Quality Carriers’ and Orcutt’s motion to strike Exhibits 2-11 to Speer’s response and Exhibits 10-12 to Woods’s response, and we will not consider those exhibits or any arguments based on those exhibits.
Section- 6-3-21.1, Ala.Code 1975, provides, in pertinent part:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice,: transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
(Emphasis added.)
“Historically, the plaintiff has had the initial choice of venue under the system •established by the legislature for determining venue. Before the enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiffs choice. of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have ‘the power and the duty to transfer a cause when “the interest of justice” requires a transfer.’ Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala.1998) (emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § ,6-3-21.1 ‘must be considered in light of the fact that the Legislature used the word “shall” instead of the word “may” in § 6-3-21.1.’ 718 So.2d at 660. This Court has further held that ‘Alabama’s forum non conveniens statute is compulsory.’ Ex parte Sawyer, 892 So.2d ,898, 905 n. 9 (Ala.2004).”
Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748-49 (Ala.2010).
■
“The ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins, Co., 727 So.2d [788,] 790 [(Ala.1998)]. Therefore, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that ‘litigation should be handled in the forum where the injury occurred.’ Ex parte Fuller, 955 So.2d 414,416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider ‘the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their 'county.’ Ex parte Smiths Water & Sewer Autk, 982 So.2d 484, 490 (Ala.2007).”
Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008).
The parties do not dispute that the complaint was filed in an appropriate venue, namely, Dallas County. 'Likewise, they do not dispute that the action could properly have been filed in Autauga County.[1] However, they do dispute whether *943 the. interest-of-justice prong of § 6-3-21.1 requires a transfer of this case from Dallas County to Autauga County.
In this ease, Quality Carriers and Orcutt have established that Autauga County has a stronger connection to the claims in this case than has Dallas County. The accident from which all the claims in this ease arise occurred in Autauga County. The deputy sheriff who was the first responder to the scene lives and works in Autauga County. A member of the Autauga County Rescue Squad, who was also an Autauga County resident, responded to the. scene and assisted in the care of the injured individuals. The Autauga County coroner, who is also an Autauga County resident, responded to the scene and pronounced Livingston and Marquita. dead. Kenneth Barber and Ricketts, the assistant Autau-ga County coroners and the chief and assistant chief, respectively, of the MVFD who had assisted in the pronouncements of death in this case and had directed and worked with the MVFD on the scene, both work and live in Autauga County. Both Alabama State Troopers who responded to the scene were assigned to the Montgomery post of the Alabama State Troopers, which covers Montgomery,- Autauga, Chil-ton, Elmore, and Lowndes Counties; they did not patrol in Dallas County. One of the State Troopers was a resident of Au-tauga County. The accident report indicates that Woods and Cooper, who had also been a passenger in the automobile, were both taken to the hospital in Pratt-ville, which is in- Autauga County. The accident report also indicates that, while Woods was at the hospital, marijuana was found on his person.
Both victims who died in the fire, Livingston and Marquita, were residents of Autauga County. The accident report" indicated that Cooper was also a resident of Autauga County. Additionally, the accident report indicates that Kuarribe Woods was the owner of the automobile and that he"was a resident of Autauga County. Finally, Speer is also a resident' of Autauga County. ’ . . ■ .
In contrast, Woods was the only resident of Dallas County. In his amended complaint, Speer added a claim that Woods *944 had negligently and wantonly failed to inspect and maintain the automobile. In his affidavit attached to Speer’s opposition to the motion to transfer, Woods does not state that he owned the automobile. Rather, he merely refers to “the vehicle we were traveling in on the night in question,” Woods goes on to make the bare assertion that “[a]ny maintenance on the subject vehicle would have occurred in Dallas County.” Based on this assertion, Speer argues:
“All of the maintenance of the vehicle occurred in Dallas County. Thus, documents and witnesses having information about the maintenance of the car will be in Dallas County.”
There was no evidence presented to the trial court to establish that Woods owned the automobile. In fact, the accident report indicated that Kuambe, who was a resident of Autauga County, was the owner of the automobile in which Woods, Livingston, and the others were traveling on the night in question. Additionally, Quality Carriers and Orcutt attached to their reply to Speer’s opposition to the motion to transfer and their reply to Woods’s joinder in the motion to transfer a copy of Speer’s responses to Quality Carriers’ first interrogatories. In his response, Speer listed Kuambe as a potential witness and stated: “Kuambe Woods: vehicle owner, may have knowledge concerning the vehicle.”
Further, Woods does not include any facts regarding how long he had been in possession of the automobile or any assertions that the automobile in question had ever been located in Dallas County. Rather, the only facts that were presented to the trial court indicated that the vehicle and its occupants were traveling from Livingston’s home in Autauga County to Cal-era, Alabama.
Finally, there was no evidence to establish that any maintenance had actually been performed on the automobile in Dallas County. Neither Speer nor Woods presented any evidence indicating that there were actually any witnesses in Dallas County who would testify as to any maintenance that had been performed on the automobile or that any documents actually existed in Dallas County regarding maintenance of the automobile.
Based on the foregoing, Dallas County has only a very weak overall connection to this case, while Autauga County has a much stronger connection. See Ex parte Manning, 170 So.3d 638 (Ala.2014); Ex parte Morton, 167 So,3d 295 (Ala.2014); Ex parte State Farm Mut. Auto. Ins. Co., 149 So.3d 1082 (Ala.2014); and Ex parte Indiana Mills & Mfg., Inc., supra. Therefore, the interest-of-justice prong of the forum non conveniens statute requires that the action be transferred to Autauga County.

Conclusion

For the above-stated reasons, we conclude that the trial court exceeded its discretion in denying Quality Carriers and Orcutt’s motion for a transfer based on the interest-of-justice prong of the forum non conveniens statute. Accordingly, we grant the petition for the writ of mandamus and direct the trial court, in the interest of justice, to enter an order transferring the case from the Dallas Circuit Court to the Autauga Circuit Court.[2]
MOTION TO STRIKE GRANTED; PETITION GRANTED; WRIT ISSUED.
*945 STUART, BOLIN, PARKER, SHAW, MAIN, and BRYAN, JJ., concur.
MOORE, C.J., dissents.

. With regard to venue of actions against individuals, § 6-3-2, Ala.Code 1975, provides, in pertinent part:
*943 "(a) In proceedings of a legal nature against individuals:
[[Image here]]
"(3) All other personal actions [than for the recovery of land or on contracts], if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.”
With regard to venue of actions against foreign and domestic corporations, § 6-3-7, Ala. Code 1975, provides, in pertinent part:
"(a) All Civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
“(2) In the county of the corporation's principal office in this state; or
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accimal of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
"(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.”
Rule 82(c), Ala. R. Civ. P., provides, in pertinent part:
"Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.”

. Based on our disposition of the "interest of justice" prong of the forum non conveniens, we pretermit any argument regarding the "convenience of the parties and witnesses” prong.