Rel: April 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0313

_____

### State of Alabama

### v.

### Jay's Charity Bingo; Alabama STEM Education, Inc.; and Bobby R. St. John

### Appeal from Jefferson Circuit Court, Bessemer Division
### (CV-23-28)

_____

### SC-2023-0314

_____

### State of Alabama

### v.

**Shoot the Moon Bingo; Just the Right Time, Inc.; TL Nguyen, LLC; and City of Midfield**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-29)**

_____

**SC-2023-0315**

_____

**State of Alabama**

**v.**

**Super Highway Bingo; Fairfield Industrial High School Alumni Association; Donovan Parker; Brighton Holding Group #2, LLC; and City of Brighton**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-30)**

_____

**SC-2023-0316**

_____

**State of Alabama**

**v.**

**Jay's Charity Bingo; Alabama STEM Education, Inc.; Abdulahe Jamal; and City of Brighton**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-31)**

2

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

_____

**SC-2023-0317**

_____

**State of Alabama**

**v.**

**Paradise Bingo; Center for Rural Family Development; Virginia Kaye White; and City of Brighton**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-32)**

_____

**SC-2023-0318**

_____

**State of Alabama**

**v.**

**Magic City Bingo; Fairfield Industrial High School Alumni Association; AB & J Baker Properties, LLC; and City of Fairfield**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-33)**

_____

**SC-2023-0319**

_____

**State of Alabama**

3

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

v.

**Kings & Queens Bingo; Sparkle Theatre Productions, Inc.; Birmingham Partners, Ltd.; and City of Fairfield**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-37)**

_____

**SC-2023-0320**
_____

**State of Alabama**

v.

**Legion Bingo; Bachar Schlomo; American Legion Post No. 347; and City of Fairfield**

**Appeal from Jefferson Circuit Court, Bessemer Division (CV-23-38)**

BRYAN, Justice.

The State of Alabama appeals from judgments of the Bessemer Division of the Jefferson Circuit Court ("the Bessemer Division") dissolving eight temporary restraining orders ("TROs") entered by the Birmingham Division of the Jefferson Circuit Court ("the Birmingham Division") and dismissing the actions in which the TROs were entered.

4

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

For the reasons explained below, we reverse the Bessemer Division's judgments and remand the actions for further proceedings.

Background

On April 10, 2023, the State initiated in the Birmingham Division 14 separate actions regarding allegedly illegal gambling facilities located in Jefferson County. These consolidated appeals pertain to only 8 of the 14 actions. Therefore, the records for only those eight actions are before this Court in these appeals, and the following summary relates to only those eight actions.

In each of its complaints, the State asserted only a public-nuisance claim, and, in each complaint, the State sought permanent injunctive relief. According to the State's complaints, the defendants consist of certain businesses, nonprofit organizations, property owners, and municipalities who are responsible for the operation of illegal gambling activities.[1]

___

[1]The defendants in the various actions are as follows: appeal no. SC-2023-0313 -- Jay's Charity Bingo, Alabama STEM Education, Inc., and Bobby R. St. John; appeal no. SC-2023-0314 -- Shoot the Moon Bingo, Just the Right Time, Inc., TL Nguyen, LLC, and the City of Midfield; appeal no. SC-2023-0315 -- Super Highway Bingo, the Fairfield Industrial High School Alumni Association, Donovan Parker, Brighton

That same day, upon motions filed by the State, the Birmingham Division entered in each action an ex parte TRO prohibiting the defendants from taking certain actions and requiring them to take other actions. After conducting a hearing, the Birmingham Division entered an order in each action transferring the action to the Bessemer Division and extending the TRO entered in the action.

After the actions were transferred to the Bessemer Division, the State filed a motion in each action requesting a hearing to determine whether a preliminary injunction should be entered. However, on May 4, 2023, the Bessemer Division entered a judgment in each action concluding, in relevant part, that the Birmingham Division had lacked jurisdiction to enter the TROs; the Bessemer Division's judgments

---

Holding Group #2, LLC, and the City of Brighton; appeal no. SC-2023-0316 -- Jay's Charity Bingo, Alabama STEM Education, Inc., Abdulahe Jamal, and the City of Brighton; appeal no. SC-2023-0317 -- Paradise Bingo, the Center for Rural Family Development, Virginia Kaye White, and the City of Brighton; appeal no. SC-2023-0318 -- Magic City Bingo, the Fairfield Industrial High School Alumni Association, AB & J Baker Properties, LLC, and the City of Fairfield; appeal no. SC-2023-0319 -- Kings & Queens Bingo, Sparkle Theatre Productions, Inc., Birmingham Partners, Ltd., and the City of Fairfield; and appeal no. SC-2023-0320 -- Legion Bingo, Bachar Schlomo, American Legion Post No. 347, and the City of Fairfield.

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

directed that the TROs be dissolved. The judgments also dismissed each respective action. The State appealed from each judgment. This Court consolidated the appeals.

Analysis

On appeal, the State does not dispute that the eight actions arose within the territorial boundaries of the Bessemer Division. However, the State argues that the Bessemer Division erred by concluding that the Birmingham Division had lacked jurisdiction over the actions and by dismissing the actions. Before turning to the State's arguments, however, we must first address a motion to dismiss that has been filed by the City of Midfield in appeal no. SC-2023-0314.

The City of Midfield argues that this Court should dismiss appeal no. SC-2023-0314 because, it argues, the State did not timely submit a transcript-purchase-order form requesting the preparation and completion of the record on appeal. As the City of Midfield acknowledges, however, after submission of the State's order form, the Bessemer Division granted a request for an extension of time filed by the court reporter to complete the record on appeal. Rule 11, Ala. R. App. P., authorizes trial courts to grant such extensions.

Moreover, although the City of Midfield filed an opposition to the extension of time in the Bessemer Division, the Bessemer Division nevertheless granted the extension. The City of Midfield does not argue that the Bessemer Division exceeded its discretion under Rule 11 by granting the extension. "We have unequivocally stated that it is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." Dykes v. Lane Trucking, Inc., 652 So. 2d 248, 251 (Ala. 1994).

Additionally, we discern no prejudice to the City of Midfield regarding this issue. After the records in these appeals were eventually completed, this Court set a new briefing schedule for the parties. Despite that new schedule, the City of Midfield failed to submit a timely brief to this Court and, instead, filed an untimely brief and a contemporaneous motion for an extension of time to submit the brief. This Court's clerk conditionally granted the extension pending further review by the Court. In light of the foregoing, we have, by separate order, granted the City of Midfield's motion for an extension of time to submit its untimely appellate brief but denied its motion to dismiss appeal no. SC-2023-0314.

8

We now turn to the State's appellate arguments. In its judgments, the Bessemer Division based its determination that the Birmingham Division had lacked jurisdiction over the actions on Act No. 213, Ala. Local Acts 1919 ("the Bessemer Act"). Section 2 of the Bessemer Act states:

> "The said Circuit Court of the Tenth Judicial Circuit, holding at Bessemer, as in this Act provided, shall have, exercise and possess all of the jurisdiction and powers which are now or which may hereafter be conferred by law on the several Circuit Courts of this State, which said <u>jurisdiction and powers shall be exclusive</u> in, limited to, and extend over that portion of the County of Jefferson, which is included in the following precincts, to-wit: [physical description of the property included within the Bessemer Division] and from and over the above mentioned and described territory all <u>jurisdiction and powers heretofore or now exercised or existing therein by the Circuit Court of the Tenth Judicial Circuit, as now held at Birmingham, is hereby expressly excluded</u>."

(Emphasis added.)

The State argues that, under this Court's precedent, the Bessemer Division clearly erred in determining that the Birmingham Division had lacked jurisdiction over the eight actions. In <u>Ex parte Ford Motor Co.</u>, 73 So. 3d 597, 601-02 (Ala. 2011), this Court stated that,

> "[d]espite the reference to 'jurisdiction' in § 2 of the Bessemer Act, this Court has for many years interpreted that

9

term as used in the Act to refer instead to venue. '"[T]he Bessemer … Act ... should be read as venue legislation rather than jurisdiction legislation ...."' Ex parte Flexible Prods. Co., 961 So. 2d 111, 114 (Ala. 2006)(quoting Ex parte Jackson, 516 So. 2d 768, 769 (Ala. 1986))."

"[T]he primary purpose of the Bessemer Act is to determine in which division venue in Jefferson County is proper." Id. at 604.

In Glenn v. Wilson, 455 So. 2d 2, 4 (Ala. 1984), this Court explained:

"[S]uits 'arising in' the geographical boundaries of the Bessemer Cutoff but filed in Birmingham (or, vice versa, suits 'arising in' the Birmingham Division but filed in Bessemer) are subject to transfer to the proper division pursuant to the provisions of § 12-11-11, [Ala.] Code 1975. That statute, first adopted in 1915, reads as follows:

"'Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred.'

"The Bessemer [Act] does not diminish the general jurisdiction of other circuit courts, either in Jefferson or other counties."

(Emphasis added.)

10

Thus, under this Court's precedent, the Bessemer Division erred by concluding that the Birmingham Division had lacked jurisdiction over the eight actions at issue in these appeals. Upon determining that the Bessemer Division was the proper venue for the actions, the Birmingham Division correctly transferred the actions to the Bessemer Division pursuant to § 12-11-11, Ala. Code 1975. Moreover, pursuant to § 12-11-11, upon the proper transfer of the actions to the Bessemer Division, the actions should have "proceed[ed]" in the Bessemer Division. Therefore, the Bessemer Division erred by dismissing the actions based on the Birmingham Division's supposed lack of jurisdiction, and its judgments in that regard are reversed.

Not all the defendants have filed appellate briefs in this Court. However, of the briefs submitted by the defendants, none articulate a cogent argument demonstrating that the Bessemer Division properly dismissed the actions. However, some of the defendants argue, for various reasons, that the Birmingham Division lacked the authority to grant the State's ex parte motions for TROs in the first instance and that the Birmingham Division lacked the authority to extend the duration of the TROs upon its decision to transfer the actions to the Bessemer

11

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

Division. We conclude that those issues are now moot because the ex parte TROs have expired. See, e.g., Cochran v. CIS Fin. Servs., Inc., 375 So. 3d 800, 811 (Ala. 2022)("[T]hat date has already passed, and this Court is consequently powerless to grant ... relief from that injunction."). Moreover, even assuming -- without deciding -- that the TROs were issued in error, the defendants have cited no authority supporting the notion that such an error would justify the complete dismissal of the actions by the Bessemer Division.

Instead, the pertinent question at this stage in these proceedings is whether preliminary injunctions are warranted. See Rule 65(b), Ala. R. Civ. P. ("In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character ...." (emphasis added)). As noted above, upon transfer of the actions to the Bessemer Division, the State filed motions seeking preliminary injunctions and requesting a hearing regarding those motions. As also mentioned, § 12-11-11 provides that transferred actions "shall be docketed and proceed in the court to which [they are] transferred." Rather than consider the State's motions for

12

preliminary injunctions, however, the Bessemer Division erroneously dismissed the actions altogether.

Conclusion

The Bessemer Division erroneously dismissed the actions based on an incorrect conclusion that the Birmingham Division had lacked jurisdiction over the actions. In accordance with this Court's precedent, the Birmingham Division properly transferred the actions to the Bessemer Division upon concluding that the Bessemer Division is the proper venue for the actions. Therefore, contrary to the apparent conclusion reached in its judgments, the Bessemer Division properly has jurisdiction over the actions and, under Rule 65(b) and § 12-11-11, is required to conduct a hearing regarding the State's motions for preliminary injunctions.

Thus, the Bessemer Division's judgments of dismissal are reversed, and the eight actions are hereby remanded to the Bessemer Division for further proceedings consistent with this Court's decision. In particular, on remand, the Bessemer Division is hereby directed to conduct a hearing regarding the State's motions for preliminary injunctions "at the earliest

13

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

possible time" and in accordance with all other requirements of Rule 65(b).

SC-2023-0313 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0314 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0315 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0316 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0317 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0318 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0319 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

SC-2023-0313; SC-2023-0314; SC-2023-0315; SC-2023-0316; SC-2023-0317; SC-2023-0318; SC-2023-0319; SC-2023-0320

SC-2023-0320 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

Parker, C.J., and Shaw, Wise, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.